MILES, Plaintiff in Error, *vs.* DAVIS & TAYLOR, Defendants in Error.

1. The refusal of a court to give an instruction asked by a party is not equivalent to the assertion of the converse proposition of law.

2. Where property was conveyed to A., with a clause of defeasance if the grantor should, within five years, pay a debt due from him to B., and A., treating the conveyance as a mortgage, obtained judgment of foreclosure upon the *cognovit* of the grantor in a suit to which B. was not a party, *it was held* that the title of the purchaser at a sale under the judgment could not be disputed in a collateral proceeding.

3. Where persons are made trustees for the payment of debts or legacies, the rights of the creditors or legatees will be bound by a judgment fairly obtained in a proceeding in which the trustees are parties, although the creditors or legatees are not before the court.

4. An officer executing process may amend his return by leave of court, after the expiration of his official term.[1]

*Error to Lewis Circuit Court.*

This was an action of ejectment begun in Marion county, and taken by change of venue to the Circuit Court of Lewis county. Both parties claimed title under Ezra S. Ely, as follows :

On the 5th of January, 1838, Ezra S. Ely, of Philadelphia, being largely indebted to his wards, Mary Ann Carswell ( the wife of plaintiff) and the children of one Brady, conveyed the property in controversy, together with other real and personal property, to Margaret Carswell and Samuel McClellan. This

deed recited the indebtedness of the grantor to his wards, described the property conveyed, and then stated that the conveyance was subject to the condition that, if the grantor or his legal representatives should, within five years, pay the debts due to his wards, then the deed to be void.

On the 23d of August, 1843, Margaret Carswell and McClellan, treating the conveyance to them as a mortgage, instituted a proceeding to foreclose the same. Ely confessed the petition, judgment was entered, a special *fieri facias* issued against the mortgaged property, and the same was sold by the sheriff. At the sale, Carswell and McClellan became the purchasers of much of the property. The land in dispute was bought by Glover & Wells. The original return upon the execution failed to show the purchase by Wells & Glover, and on the 15th of March, 1848, after the expiration of his term of office, the sheriff was allowed to amend his return, so as to show the sale to them at the price of $12. On the 2d of August, 1848, the sheriff who made the sale executed a deed to Glover & Wells. Wells afterwards conveyed to Glover, who conveyed to the defendant, Taylor. This was one branch of the defendants' title.

Another branch was as follows : On the 28th of May, 1844, Ely addressed a letter to the sheriff of Marion county, requesting him, in consideration of the sum bid by Glover & Wells at the sale, receipt of which was acknowledged, " as well as for divers other good considerations," to make a deed to them. This letter concluded in the form of a quit claim deed to Glover & Wells of all the right and title of Ely and of Carswell & McClellan to the land in dispute. It was signed and sealed by Ely for himself, and as attorney in fact of Carswell & McClellan. Powers of attorney from Carswell & McClellan to Ely were read in evidence, but there was a question whether their terms were broad enough to authorize Ely to convey the property held by C. & M. in trust.

The plaintiff's title was as follows : On the 27th of March, 1850, Margaret Carswell and Samuel McClellan, pursuant to

a decree of the Philadelphia Court of Common Pleas, conveyed to the plaintiff, in trust for the trustees of his wife, all the right, title and interest in the land in dispute vested in them by the conveyance of January 5, 1838, which they styled a mortgage, together with all their title to the property purchased by them at the sheriff's sale under the foreclosure.

On behalf of the defendants, it was proved that Glover & Wells contracted with Ely for the purchase of the land in controversy at the price of $3000, which was paid by them. This was before the letter of Ely to the sheriff.

Some evidence was offered by the defendants, with a view to show that the conveyance of January 5, 1838, was made by Ely to hinder, delay and defraud his creditors ; and aside from any evidence, the defendants claimed that this deed was fraudulent and void upon its face. If it was not fraudulent, then they claimed that they had a good title under the judgment of foreclosure, the sale and the sheriff's deed.

At the close of the evidence, the plaintiff asked six instructions, all of which, except two, bearing upon the question of fraud, were refused. The sixth instruction refused asserted that the judgment of foreclosure, and the sale and sheriff's deed under it, passed no title. The plaintiff submitted to a nonsuit, and sued out a writ of error. The cause was submitted on briefs.

*Pratt & Redd,* (with whom *R. M. Field* was associated as counsel,) after arguing the question of fraud, insisted that the judgment and proceedings in the foreclosure suit, under which defendants claim title, were void, because the court had no jurisdiction. The act of 1835 gives to a court of law jurisdiction to foreclose a mortgage, but gives no jurisdiction over trusts. The deed of January 5, 1838, was a deed of trust and not a mortgage. Lewin on Trusts, (22 Law Lib. p. 9, 12, 87.) 1 Madd. Ch. 445, 451. Powell on Mort. p. 4. 1 Black. Comm. 126. 3 Bacon's Ab. tit. "Mortgage," A. p. 612. 1 Cruise on Real Property, tit. "Mortgage," p. 78. 1 and 2 Cruise's Dig. tit. "Mortgage." This deed can-

not be a mortgage, because the intent of the grantor is clear that persons other than the grantees shall receive the whole benefit of the grant. The interests of the grantor and grantee in a deed of trust, are different from the interests of the mortgagor and mortgagee. 1 Atk. 604–5. 1 Vernon, 3, 412. Lewin on Trusts, (22 Law Lib. 87.) 4 Kent's Comm. 311, note A. A deed of trust differs from a mortgage also, in respect to the remedies given to the creditor. A judgment in a statutory proceeding for foreclosure of a mortgage is of a threefold character : 1st, for the amount of the debt ; 2d, for the sale of the mortgaged property, and 3d, an award of a general execution to satisfy the balance remaining unpaid, after the sale of the mortgaged property. Carswell & McClellan could not get judgment for the mortgage debt, because nothing was owing to them, nor could they get an award of execution to satisfy the debt. The clause of defeasance in the deed does not make it a mortgage, because the legal effect of the deed would have been the same without that clause.

*Glover & Richardson*, for defendants in error, among other points, argued the following : 1. The proceedings in the suit for foreclosure, with the sheriff's deed, under which defendants claim, constitute a good title as against Carswell & McClellan, and the plaintiff claiming under them. The fact that the sheriff failed to make a return of the sale is not a valid objection to the title of the defendants in a collateral proceeding. The *deed* passed the title and no return was necessary. 6 Harr. & John. 205. 7 Blackf. 156–7. 2. Caines, 63. 2 Alabama, 682. 4 Wheaton, 504. 4 Dev. & Batt. 422. 8 Mo. Rep. 185–6–7. 3 J. J. Marsh. 439. But the sheriff was properly allowed to amend his return. 2 Eng. Rep. 344. 1 Cowen, 430. 3 Monroe, 295. 10 N. H. 291. 3 Murphy, 128. 14 Maine, 263. 16 ib. 124. 1 Cowen, 218.

GAMBLE, Judge, delivered the opinion of the court.

The instrument executed by Ely, in January, 1838, conveyed the property to Carswell & McClellan, in trust to secure

the payment of debts admitted to be due to his wards, Mary Ann Carswell and the children of Brady. No power or direction is given in the deed to the trustees, in the event of the failure of Ely to pay the debts at the time specified in the deed. A condition is annexed to the conveyance that, if the money is paid to the wards within five years from its date, the conveyance shall be void. This instrument was treated by the parties and proceeded upon as a mortgage. A petition was filed by Carswell & McClellan for its foreclosure, as in the case of an ordinary mortgage, and to this petition Ely appeared and filed a *cognovit*. Judgment was entered and a special *fieri facias* was issued, upon which the property in question was sold to Glover & Wells, under whom defendants claim. At the same sale, Carswell & McClellan purchased most of the property which was sold.

The present plaintiff claims by a subsequent conveyance made by Carswell & McClellan, under a decree of the Court of Common Pleas of Philadelphia, by which they convey to the plaintiff all their right and title under the deed from Ely to them, styling it a mortgage deed, and also all their right acquired by the deed of the sheriff to the property which they purchased under the judgment and special *fieri facias* before mentioned.

After the purchase at the sheriff's sale, under which the defendant claims the property in question in this suit, it not appearing by the sheriff's return on the execution that he had sold the property at the sale, he was permitted to amend the return so as to state that he had sold it to Glover & Wells, and the price for which it was sold. This was done upon a motion to the court and an order made thereon. A deed was made by the sheriff to Glover & Wells for the property in question, after the expiration of his term of office. He was not in office at the time he was allowed by the court to amend his return.

1. The law reaching the merits of the controversy between these parties has not been declared by the Circuit Court, as the record shows that the plaintiff having asked for certain instruc-

Miles *v.* Davis.

tions to the jury, the court refused some four of those asked, and he immediately took a nonsuit, without any instructions being given to the jury expressing the views of the court upon the law of the case. We have not before us the views of that court applying the law to the facts, and we cannot suppose that this has arisen from any unwillingness to declare such views, but infer that it resulted from the haste of the party in taking a nonsuit, because he could not have the law declared in his own words. We have not heretofore held that the refusal of an instruction was equivalent to the assertion of the converse of the proposition contained in it, and we have seen very many cases, in which such an interpretation of instructions refused would involve the circuit courts in the greatest absurdities. A court may well refuse to give an instruction which contains a correct proposition of law, because either there is no evidence to warrant its being given, or it has already been given in other instructions, or, because the proposition is too abstract to be useful to the jury.

2. Without any analysis of the instructions given and refused, as moved by the plaintiff, we proceed to give our views upon one branch of the title set up by the defendants. They claim under a sale made by the sheriff under the judgment in favor of Carswell & McClellan against Ely, upon the foreclosure of the mortgage. It has been objected to the proceeding which resulted in this sale, that the court has no jurisdiction to give a judgment of foreclosure of an instrument such as that executed by Ely to Carswell & McClellan. It may be admitted that the instrument conveying the property to Carswell & McClellan, in trust to secure an indebtedness to other persons, is not in form an ordinary mortgage, and it may be admitted that, if Ely had resisted the action of the plaintiffs in seeking a foreclosure by the statutory proceeding, it would have been erroneous in the Circuit Court to have given to the plaintiffs in that suit the judgment that was given. But the Circuit Court had jurisdiction of the case, and, however erro-

neous its judgment, a title acquired under it will not be affected by the error.

3. If it be objected that the wards, for whose benefit the conveyance was made, were not parties to the suit, it may be replied, in the language of Judge Story, in his treatise on equity pleading, section 150 : "It may be laid down as a general rule that, when any persons are made trustees for the payment of debts and legacies, they may sustain a suit, either as plaintiffs or defendants, without bringing before the court the creditors or legatees for whom they are trustees, which, in many cases, would be impossible ; and the rights of the creditors and legatees will be bound by the decision of the court, when fairly obtained, against the trustees. In such cases, the trustees, like executors, are supposed to represent the interests of all persons, creditors or legatees." *Kennerly* v. *Shepley*, 15 Mo. 648. In the instrument upon which the proceeding was had, there is no covenant to pay the wards of Ely, and they are no otherwise parties to the instrument than as it was made for their security. The instrument itself and the proceeding upon it are very loose, but there is no ground upon which the judgment rendered by the court can be treated in this collateral action as a nullity, either as to the parties to the proceeding or as to the wards of Ely.

4. In like manner, the amendment of the return upon the execution, made by the sheriff who executed the process, upon leave for that purpose granted by the court, although made after his term of office expired, is to be treated in this action as valid. In *Blaisdell* v. *Steamboat Wm. Pope*, antè, 157, this court held, that an officer executing process might amend his return by leave of the court, after the expiration of his official term.

The only instruction asked by the plaintiff, in relation to this branch of the defendants' title, was the sixth, which required the court to say that no title passed by the proceedings in the suit of Carswell & McClellan against Ely and the deed of the

sheriff. So far as any objections have been urged, either to the jurisdiction of the court or the right to make the amendment as affecting the defendants' title, there is nothing which, in the view of the court, can render it invalid, and as, in all probability, this will be sufficient to end the litigation between the parties, we will not spend further time upon the questions of fraud raised in the other instructions of the plaintiff. The judgment is, with the concurrence of the other judges, affirmed.