DENNIS J. DEMPSEY, Appellant, v. HENRY REINSEDLER, Respondent.

### St. Louis Court of Appeals, April 20, 1886.

1. MECHANIC'S LIENS—INSTRUCTIONS.—In an action on a mechanic's lien claim for the value of "labor performed," the court properly instructs the jury that if they find for the plaintiff they will find the "value of the labor performed," without including "and material furnished."

2. INSTRUCTIONS—PRACTICE.—A court is not bound to modify an instruction which is too broad, but may refuse it without giving another of its own motion.

3. ——— The refusal of an instruction is not equivalent to the assertion of a contrary proposition of law.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

FISHER & ROWELL, for the appellant.

J. M. HOLMES, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action brought by a builder to recover a balance claimed by him to be due from the defendant upon a building contract, and to enforce a mechanic's lien against the property. The plaintiff contracted with the defendant to erect a certain warehouse, at an agreed price of six thousand and six hundred dollars. There were a number of extra items, and the parties being unable to agree what items were extra, and what their value was, agreed to leave the whole matter to two appraisers or arbitrators. The agreement of arbitration recites, in substance, that the parties, being unable to agree, have appointed two arbitrators and appraisers (naming them), giving them full power to make a just and fair estimate

of all the work done and materials furnished by the plaintiff, and to render a just and fair estimate of the same, and that the award of such arbitrators and appraisers shall be binding on both parties. The arbitrators thereupon inspected and measured all the work, and made a written appraisement, stating the value of the work and material at $7,468. The plaintiff repudiated this award on the ground that the arbitrators were not properly sworn, and had misbehaved. He thereupon instituted this action against the defendant, claiming that there was a balance due him of $2386.36, after giving a credit of $7,397.06 to the defendant for money paid to him on account.

The defendant's answer denied the plaintiff's extra charges in detail, and set up the award as a bar to any recovery, claiming that the defendant had fully paid to the plaintiff the entire sum of $7,468.00 thus awarded.

This cause was tried by a jury who found for the plaintiff in the sum of $541.65. The plaintiff appeals.

All the testimony offered was received without objection, including the award of the arbitrators. The plaintiff and the two arbitrators were the main witnesses examined. There was no evidence that the arbitrators had misbehaved. The evidence tended to show that they had acted impartially and fairly, although they probably omitted to estimate some work which was done twice. Whether their award was of any binding force depended on the fact as to whether they were duly sworn or not, or whether the plaintiff waived an oath on their part. That question was submitted to the jury on proper instructions, and as they found on that subject against the defendant, there is, touching that matter, nothing for review here.

The only complaint which is entitled to any consideration is in regard to the instructions asked by the plaintiff and refused by the court. There was evidence tending to show that part of the roof broke and fell after it was first constructed, and had to be re-built. The plaintiff claimed that this accident was due to a de-

fect in the plans, while the defendant claimed it was due to the plaintiff's negligent execution of the work. The plaintiff asked the court to charge the jury that, if they found that the accident was due to a defect in the plan, then the plaintiff was entitled to recover the reasonable value of his labor and materials in rebuilding the roof. This instruction the court refused, but gave in lieu thereof one limiting, in such event, the plaintiff's right of recovery to the value of labor performed in reconstructing the roof. The only charge made in the lien account, filed and exhibited by the plaintiff, on this subject, is in the following words, "*labor performed in reconstructing roof and wall, $500.00.*" The court was, therefore, justified to instruct as it did, because the plaintiff was limited in his recovery as to any item by the specification of his account. The jury were not authorized to find one thing, when the account claimed another.

There was, also, evidence tending to show that the defendant had paid for insurance, while the building was in the process of construction, $30.40, and had paid fifty dollars to one of the arbitrators, on account of his services as such. These two items the plaintiff disputed as proper charges, and asked the court to instruct the jury that they were not proper charges against him. This instruction the court properly refused. The contract between the parties provided that the defendant reserved the right to insure the building, during the progress of the work, at the costs of the plaintiff, and the item of $30.40 was, therefore, a proper credit. Conceding that the item of fifty dollars was not, and yet the instruction was too broad. The court was not legally bound to modify the instruction. The refusal of an instruction is not equivalent to the assertion of the contrary proposition of law. *Miles v. Davis*, 19 Mo. 408. And parties can complain of misinstruction only, and not of non-instruction in civil cases.

All the judges concurring, the judgment is affirmed.