# NAPOLEON HILL COTTON COMPANY, Appellant, v. SAMUEL H. SMITH, Respondent.

### Kansas City Court of Appeals, June 6, 1910.

1. **DEEDS OF TRUST: Unnamed Beneficiaries.** A firm dealing in cotton became insolvent and made a deed of trust of all of its property to secure its fifty creditors, who were named therein, plaintiff not being so named. The deed also provided that "If, through error there has been debt omitted from this trust, same shall be added and allowed to receive its *pro rata* share upon satisfactory proof of same." A debt owing to plaintiff at the time of the execution of said deed of trust was properly allowable against the trust fund.

2. ———: ———: ———: **Right to Unascertained Balance Not Decided.** Before the execution of said deed of trust plaintiff had advanced money to said firm, and had received cotton to secure such advances. On sale thereof after the execution of said deed of trust, not enough was realized to equal the amount advanced. The trial court refused to allow the shortage as a claim under the deed of trust because the amount was not ascertained until after the execution of said deed of trust. The plaintiff not appealing from this ruling of the court its correctness is not now reviewable.

3. ———: ———: ———. While an insolvent debtor acting in good faith may sell or mortgage the whole or any part of his property for the exclusive benefit of one or more of his creditors, yet the evidence in this case shows that by the deed of trust in question the grantors intended to convey their property for the equal benefit of all of their creditors.

4. ———: ———: **Pleading: Parties.** The fact that the creditors named in the deed of trust have a pecuniary interest in the outcome of this suit does not require that they should be made parties thereto. Where one is made trustee for the payment of debts, it is not necessary to bring the creditors before the court, and where such a trustee is sued, the rights of the creditors will be bound by the judgment.

5. ———: ———: ———. If it were shown that a trustee was not acting in good faith, or were not satisfactorily defending the suit, such creditors would have a right to be made parties.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

AFFIRMED.

*Ellis, Cook & Barnett* for appellant.

(1) Omission to make the beneficiaries named in the deed of trust parties defendant was fatal; the suit could not be maintained against the trustee alone; he should not be required to take sides against one or for another of his beneficiaries, or to determine their rights as between each other. 2 Ency. Pl. and Pr., p. 890; 22 Id. 121, 141; Sampson v. Mitchell, 125 Mo. 217; Hubbard v. Burrell, 41 Wis. 365; Story Eq. Pldg. (10 Ed.), secs. 149, 157, 207; 2 Perry on Trusts (5 Ed.), secs. 873, 881, 885; William v. Bankhead, 19 Wall. 563; Carey v. Brown, 92 U. S. 171; McRea v. Bank, 19 How. 376. (2) The omission of the plaintiff from the deed of trust (deliberately and purposely made) was in legal effect preferring those creditors mentioned in the deed, or intended to be included therein, over the plaintiff and those others who were intentionally excluded. The debtors had the lawful right to make such preference. Schufeldt v. Smith, 131 Mo. 280.

*Lathrop, Morrow, Fox & Moore* for respondent.

JOHNSON, J.—Plaintiff alleges that, as trustee of Cornelison & Bynum, merchants of Indianola, Indian Territory, defendant is indebted to plaintiff, a beneficiary of the trust, in the sum of $4200; and this suit is for the recovery of that indebtedness. The answer, in addition to a general denial, pleads a defect of proper parties. The trial began before a jury but during its progress the jury were discharged. The court heard the evidence and held that plaintiff was entitled to receive from defendant a pro rata dividend on an indebt-

edness of $2378 it held against Cornelison & Bynum, which debt the court found was secured by the deed of trust executed by Cornelison & Bynum to defendant, as trustee. Judgment was rendered for plaintiff in accordance with these findings and the cause is here on the appeal of defendant.

Cornelison & Bynum, in addition to carrying on the business of general merchants, bought and shipped cotton quite extensively. They consigned their cotton to plaintiff, a corporation doing business in St. Louis, and received advancements from plaintiff on account of such consignments. At the close of the season of 1905, they had drawn $2378 more from plaintiff than the proceeds realized by plaintiff from the cotton consigned and, consequently, were indebted to plaintiff in that sum. During the next season, they shipped 565 bales of cotton to plaintiff and were advanced $28,823 on account of these shipments. On April 9, 1906, the date of the failure of Cornelison & Bynum, the total amount of plaintiff's demand against that firm, including the last year's debt, was $31,201.02, for the payment of which plaintiff held the 565 bales of consigned cotton as security. Afterward the cotton was sold and its proceeds failed to discharge the debt in full and plaintiff was left with an unsatisfied and unsecured demand of $5250. As retail merchants, Cornelison & Bynum had become indebted to some fifty creditors and, being insolvent, executed and delivered a deed of trust to defendant as trustee for the benefit of their creditors. The deed was in the nature of a chattel mortgage and purported to convey all the property of the partnership for the equal benefit of all the creditors of the firm. The names of the creditors were stated and the respective amounts of their demands. The deed contained a defeasance clause. The trustee was directed to take possession of the property and, after invoicing, to convert it into money in the manner prescribed. Out of the proceeds, he was

to pay "all the debts hereinabove mentioned in full with interest from date, if there is sufficient amount to pay the same, and if not, then he is to pay each and every creditor hereinbefore mentioned his pro rata share of the net proceeds."

Plaintiff was not named as a creditor and would be out in the cold were it not for the final clause of the deed which is as follows: "If through error there has been debt omitted from this trust, same shall be added and allowed to receive its pro rata share upon satisfactory proof of same."

Acting under this deed, defendant converted the trust property into money and has paid dividends to the creditors but none to plaintiff. Some six months after the deed was executed, plaintiff closed out the cotton, ascertained the amount of its loss, and made demand on defendant for recognition as one of the beneficiaries of the trust and for payment of its pro rata share of the proceeds of the trust. The demand was refused and this suit followed. The trial court allowed as a secured demand the indebtedness as it stood at the close of the season of 1905, but refused to allow the loss on the 565 bales for the reason that the indebtedness on account of that consignment did not arise until after the execution of the trust deed. Since plaintiff did not appeal, we have no concern with the exclusion of that part of its demand from participation in the proceeds of the trust and shall turn to the question of whether the court erred in holding that the old debt of plaintiff was one of the demands intended to be secured by the trust deed. Oral evidence was adduced in support of the contention of plaintiff that it was the intention of the insolvent parties to secure all of the debts of the partnership. Opposed was evidence introduced by defendant of a contrary purpose and intention in the execution of the deed. The trial judge held with the plaintiff on this issue of fact and we find his conclusion abundantly supported by evidence. But the deed

is so clear and free from ambiguity that we do not regard the question of the intention of the grantors as one of fact. Defendant is right in saying that an insolvent debtor, while acting in good faith, may "sell, deliver in payment, mortgage or pledge the whole or any part of his property for the benefit of one or more of his creditors." [Jaffery v. Matthews, 120 Mo. 1. c. 327.]

But we think a proper interpretation of this deed of trust leads inevitably to the conclusion that the insolvent parties intended to convey all of their property for the equal benefit of all their creditors and, fearing some creditor might be overlooked, or that some mistake might be made unintentionally, inserted the clause we have quoted which was broad enough to include not only omitted debts of mentioned creditors, but also the debts of unmentioned creditors. The only burden plaintiff had was to show that it was a creditor of the partnership at the time of the execution of the deed and that defendant had refused to pay dividends on its demand which were due and payable under the terms of the trust.

We do not agree with defendant that there is a defect of proper parties. True, the creditors named in the deed have a pecuniary interest in the outcome of this suit, but it does not necessarily follow they should be made parties. The rule followed in this State thus is stated in Story on Equity Pleadings (9 Ed.), section 150: "It has been laid down by Lord Redesdale as a general rule, that, where any persons are made trustees for the payment of debts and legacies, they may sustain a suit, either as plaintiffs or as defendants, without bringing before the court the creditors or legatees, for whom they are trustees, which, in many cases, would be impossible. And the rights of the creditors or legatees will be bound by the decision of the court, when fairly obtained for or against the trustees. In such cases, the trustees, like executors, are supposed

to represent the interests of all persons, creditors, or legatees. Indeed, the impracticability of making the other persons parties would seem of itself a sufficient ground for dispensing with them." [Miles v. Davis, 19 Mo. 408; Rumsey v. People's Railway Co., 154 Mo. 215.]

Undoubtedly, creditors would be entitled to be made parties by showing that the trustee was not acting in good faith or was not proceeding with the defense to the satisfaction of the beneficiaries of the trust, but no creditor asked to be made a party and we perceive no reason for saying that they are indispensable parties. This is a simple suit prosecuted by a secured creditor to recover a dividend due and payable from the trustee and is not an attack on the validity of the trust or on any of its terms and provisions.

The case was fairly tried and the judgment is for the right party. Affirmed. All concur.