J. R. COLEMAN ET AL., Respondent, v. SUPREME LODGE, KNIGHTS OF HONOR, Appellant.

St. Louis Court of Appeals, June 2, 1885.

1. BENEFIT SOCIETIES—DEATH BENEFITS—CHANGE OF CERTIFICATE.— An incorporated benevolent association may make reasonable regulations defining the methods by which a member may change the beneficiary named in his benefit certificate.

2. THE ADOPTION of a particular method of changing a benefit certificate under the powers and within the limits of the charter of a benevolent benefit society, is the exclusion of all other methods.

APPEAL from the St. Louis Circuit Court, BARCLAY, J.

*Reversed and judgment.*

JAMES O. PIERCE, for the appellant: The members of a mutual life insurance company are conclusively presumed to have knowledge of the rules established by its charter, constitution, and by-laws. *Walsh v. Insurance Co.*, 30 Iowa 145. The by-laws and rules of any of these mutual benefit societies are a law unto the members. *Red Men v. Schmidt*, 57 Md. 98; *Knights' Golden Rule v. Ainsworth*, 71 Ala. 436; 17 C. L. J. 413; *Toram v. Benev. Asso.*, 4 Pa. St. 519; *Beneficial Soc. v. McVey*, 92 Pa. St. 510; *Ballou v. Gile*, 50 Wis. 614; *McMurry v. Sup. Lodge*, 18 Cent. L. J. 372; 20 Fed. Rep. 107; *Karcher v. Sup. Lodge* (Mass.) 19 C. L. J. 152; *Supreme Lodge v. Grace*, 60 Tex. 569. In such cases as this, the change of beneficiary can be made by the member only in the prescribed form. Where the privilege is granted *sub modo*, it must always be exercised *sub modo*. *Vollman's Appeal*, 92 Pa. St. 50 (1879); *Aid Asso. v. Lupold*, 101 Pa. St. 111 (1882); *Hellenberg v. I. O. B. B.*, 94 N. Y. 580 (1884); *Greeno v. Greeno*, 23 Hun. 478 (1881); *Splawn v. Chew*, 60 Tex. 532 (1883); *Highland v. Highland* (Ill.) 16 Chi. Leg. News 272.

M. KINEALY and JAMES R. KINEALY, for the respondents: The by-law prescribing the method of changing a benefit certificate is merely for the society's protection. *Expressmen's Aid v. Lewis*, 9 Mo. App. 412; *Splawn v. Chew*, 60 Texas 532.

ROMBAUER, J., delivered the opinion of the court.

The defendant corporation is a benevolent association, and the plaintiffs, claiming to be the assignees of a benefit of $2,000, to which a deceased member was entitled under the charter, constitution, and by-laws of the

association, sued the corporation for that amount, and recovered judgment in the court below.

The provisions of defendant's charter, constitution, and by-laws, as far as they affect the merits of this controversy, are as follows:

The charter provides that the corporation may establish a widows' and orphans' benefit fund, from which, on the satisfactory evidence of the death of a member of the corporation, who has complied with its lawful requirements, a sum not exceeding five thousand dollars shall be paid to his family, or as he may direct. The constitution adopted under this charter provides that out of the widows' and orphans' benefit fund, on the satisfactory evidence of the death of a member of this corporation, who has complied with all its lawful requirements, a sum not exceeding two thousand dollars shall be paid to his family, or as he may direct.

The by-laws provide: Each applicant shall direct in his application to whom he desires his death benefit paid, which shall be subject to such future disposal of the benefit as the member may thereafter direct, in accordance with the laws of this order, and such direction shall be entered in the benefit certificate.

A member may, at any time, while in good standing, surrender his benefit certificate, which, together with a fee of fifty cents, shall be forwarded by the reporter of his lodge under seal to the supreme reporter, who shall thereupon cancel the old certificate, and issue a new one in lieu thereof to such member, payable as he shall have directed.

The supreme reporter shall return to the reporter of the subordinate lodge a benefit certificate signed by the supreme dictator, and himself, and made payable as the member shall have directed in his application. And the subordinate lodge shall enter on record the number thereof, provided no benefit certificate shall be re-issued, except as herein provided, unless satisfactory proof of loss of the former benefit certificate is furnished the supreme reporter. When a second certificate is issued the first one shall be void.

In this case the deceased member took out a benefit certificate payable to his wife, and delivered it to his wife. Shortly prior to his death, desiring to change the disposition made of his benefit, he gave written notice to the officers of the subordinate lodge, of which he was a member. In that notice he stated that he surrendered the former certificate, and requested that a new one be made out and delivered to him, payable to plaintiffs. The old benefit certificate remained in possession of his wife, he never demanded it of her, his offer to surrender was not accompanied with the certificate itself, and there is no pretense that it was lost. The defendant paid to the widow who held such certificate, prior to the institution of the suit, the $2,000.00, whereupon the widow surrendered the certificate to the corporation.

Upon these facts appearing, the trial court declared that plaintiffs could not recover, unless the deceased, in accordance with the laws of the corporation, rescinded his direction to defendant to pay the fund accruing on his death to his wife, and directed payment thereof to plaintiffs.

As the court found for plaintiffs, notwithstanding this declaration, its finding can be justified only on one of the following grounds :

1. That the by-laws of the corporation providing in what manner a member shall direct to whom his benefit is to paid are invalid.

2. That it was not the intention of the corporation to prevent by its by-laws other methods of disposition than those therein provided for.

The charter of the corporation provides that the benefit should be paid upon the member's decease, provided he has complied with the lawful requirements of the corporation, to his family, or as he may direct.

It does not purport to prescribe what are lawful requirements, nor does it purport to prescribe in what manner the direction shall be given. The corporation was left at liberty, as long as it did not violate the objects of its charter in so doing, to make any reasonable requirements as a condition precedent to paying the benefit fund

to any one, and was furthermore authorized to declare in what manner the members should direct the payment to be made, provided such manner was not unreasonable, and not designed to defeat the manifest objects of the corporation.

In the whole range of the adjudged law nothing can be found to contravene this position, while the cases asserting it are numerous. In *Osceola Tribe v. Schmidt, Admr.* (47 Md. 98), a by-law was upheld which made the decision of the lodge conclusive as to the members' right to receive any benefits. In *National Mut. Aid Society v. Lupold* (101 Pa. St. 111), the charter provided, that if a member died, within the period named in his certificate, the amount shall then be payable to his legal heirs, or any person designated in the certificate, or by his will. The certificate issued provided among other things, that it should be transferred and assigned only by and with the consent of the association indorsed thereon. The member endorsed upon his certificate a direction to change the beneficiary from himself to Lupold. No consent of the association was shown to the assignment, and it was held invalid as against the company.

In *Highland v. Highland* (13 Bradwell 510), a certificate issued by this corporation was the subject matter of controversy. On the face of the certificate there was a direction that the benefit be paid to Jane Highland, the member's sister. The member subsequently married, and shortly before his death, wrote to his wife, "I want you to have all my effects, everything. Tell my sister if you ever hear from her." The certificate was never delivered to the sister, but was found among the effects of the deceased member. The widow claimed the benefit, but upon interplea between the sister and the widow, the court decided that the sister was entitled to it. That cause was decided in 1883, presumably under the same charter. Both parties conceded that the corporation had power by its constitution and by-laws to prescribe in what manner a member should direct to whom his benefit was to be paid. The court in deciding the case said: "Having elected to direct on the face of the certificate

to whom the money should be paid, it must be paid as directed, unless such direction has been changed in the mode prescribed by the laws and constitution of the order."

The defendant's charter authorizes it to institute grand and subordinate lodges under such rules and regulations as the corporation may enact, and confers upon it powers to create, hold, and disburse the funds named in the objects of the corporation for promoting benevolence and relieving the sick and distressed, under such regulations as it may deem necessary to adopt. In this regard defendant's charter is not materially different from the charters of other corporations, whose regulations of a similar character have been upheld as valid. The provision that the benefit fund should be paid as the members directed, is not at all inconsistent with an exercise of a power by the corporation, prescribing how the members should direct, provided the rule established by the corporation for that purpose be reasonable.

Nor can we see how the member or those claiming under him can be heard to assert that the rules established by the corporation in that regard were not reasonable. The member is a voluntary party to the compact, and as such bound by it unless it is in derogation of some charter right, or is otherwise invalid as contravening some paramount provision of law. A by-law may be void as to strangers, or members who do not assent to it, and yet good as a contract between members of the corporation who do assent to it. The member in this instance by taking his benefit certificate, issued under the constitution and by-laws of the corporation, and containing upon its face a direction to whom such benefit was to be paid, must be held to have assented to all these regulations, and they became as much part of his contract as if fully set out in the certificate itself. We are referred to the case of *Expressmen's Aid Society v. Lewis* (9 Mo. App. 412), by appellant as corroborating the view herein indicated, and by respondent, as sustaining the view held by the court below. That case, however, was essentially different from the case now under consideration, and the decision

therein has no bearing on the present controversy. In that case the wife of the member was his appointee. She died before him. The contest was between the representatives of the husband and those of the wife, who interpleaded for the fund voluntarily paid into court by the corporation. The constitution and by-laws of the society provided that the fund should be paid to the legal representatives of a deceased member, upon the death of a beneficiary named, prior to the death of a member. The court in deciding that the representatives of the husband were entitled to the fund, ordered a distribution in strict conformity with the by-laws of the corporation.

We can see no ground upon which the rules invoked by defendant in this case, can be declared illegal. Nor do we perceive how the judgment of the trial court can be sustained on the ground that although the provisions of the constitution and by-laws prescribe in what manner a member should direct his benefit to be paid before the corporation could be required to pay it, yet, that the manner thus prescribed was not exclusive of any other manner, which the member should see fit to adopt himself. That construction finds no just explanation in anything contained in the instruments before us. It must be assumed that when the corporation framed a set of rules, providing in the most detailed manner for the distribution of this fund, and for the rights of beneficiaries the manner thus prescribed was exclusive of all others. The expression of one thing is necessarily the exclusion of another and different thing. Any other conclusion on this subject, would lead to the most interminable confusion in the law applicable to the distribution of such funds, and fritter away funds created for the benefit of widows and orphans in the expenses of endless litigation.

As there is no controversy concerning the facts in this case, and as, under the views herein expressed, the trial court, upon the conceded facts, should have entered judgment for defendant, its judgment is reversed and judgment will be entered for defendant in this court. All the judges concur.