EMMA HAMMERSTEIN *et al.*, Appellants, v. TIMOTHY T. PARSONS *et al.*, Respondents.

St. Louis Court of Appeals, February 28, 1888.

BENEVOLENT ASSOCIATION—WHO ARE NOT BENEFICIARIES.—The plaintiffs were the adult children of a member of a benevolent association, who died leaving no widow. A regulation of the beneficiary fund provided: "Should there be no widow, then the said amount shall be paid to the lodge of which the deceased was a member, for the use or benefit of his orphan child or children, in equal shares. In case there should be no widow, child or children, or designated person or object, the amount shall be paid to his executor or administrator." *Held*, that the plaintiffs were not the orphan children of the deceased member, within the meaning of the regulation, and were not, in any interpretation of its terms, entitled to sue for an interest in the beneficiary fund.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

A. A. PAXSON and JOS. S. LAURIE, for the appellants: In *Ballou v. Gile*, 50 Wis. 614, the court, in denying the right of an administrator to a similar fund, says of mutual benefit societies, "the court should construe its rules and regulations liberally to effect its benevolent purposes, and should not construe them so as to defeat that purpose, if their language admits of any other reasonable construction." *Finn v. Lewis*, 81 Mo. 259. In the above case the assured was a member of the Knights of Honor, the object of which, as declared by the charter, was "to establish a widows' and orphans' benefit fund." Upon his death, in an action by his widow and her daughter, claiming the stipulated sum jointly, their right to the same as against the administrator, was adjudged by the court, and although, as appears by the record, said daughter was twenty-two years of age, it

was not disputed that she was an "orphan" within the sense of the charter. In the construction of charities endowed for philanthropic purposes, the courts have limited the benefits to minors, but even in such cases, the term is not recognized as having a technical signification, nor is the meaning uniform ; a "fatherless child" having been pronounced an orphan within the meaning of Stephen Girard's bequest. *Souhan v. City of Philadelphia*, 33 Pa. St. 9. Only such facts as are constitutive of the cause of action in the sense of the code, must be alleged in the petition. *Pier v. Heinrichoffen*, 52 Mo. 333. The certificate showed that deceased, upon initiation, had paid and was credited with one assessment in advance ; this, in connection with the other evidence, made a *prima-facie* case, and brought appellants within the rule that a state of facts once shown to exist will be presumed to continue until the contrary be shown. *Cargile v. Wood*, 63 Mo. 501 ; *Supreme Lodge v. Johnson*, 78 Ind. 110 ; *Ins. Co. v. Eggleston*, 96 U. S. 572 ; *Horwitz v. Ins. Co.*, 40 Mo. 557 ; *Thompson v. Ins. Co.*, 52 Mo. 469 ; *Pelkington v. Ins. Co.*, 55 Mo. 172 ; *Steel v. Ins. Co.*, 3 Mo. App. 207 ; *Faulkner v. Faulkner*, 73 Mo. 327 ; *Bank v. Hatch*, 78 Mo. 13 ; *Schultz v. Ins. Co.*, 57 Mo. 331 ; *Russell v. Ins. Co.*, 55 Mo. 585.

KLEIN & FISSE, for the respondents : Where the pleading alleges compliance with a condition precedent, evidence will not be admitted to show that the condition was waived. *Pier v. Heinrichoffen*, 52 Mo. 333 ; *Kiskaddon v. Jones*, 63 Mo. 190 ; *State ex rel. v. Martin*, 77 Mo. 676 ; *Bank v. Hatch*, 78 Mo. 13 ; *Nicoll v. Larkin*, 79 Mo. 272. The benefits provided to be paid in certain contingencies to the children of a deceased member are limited to his orphan children, which term includes only minor children. Plaintiffs not being minors are, therefore, not entitled to recover the benefits. Even if the definition of "orphan children" be extended to include persons like the plaintiffs, not minors, still the benefits are not payable to them directly, but only to the

lodge to which their father belonged at the time of his death, to be held by such lodge for their equal benefit. Inasmuch as the plaintiffs are not orphans, *i. e.*, minors, they have no right of action at all, but the case is one where the benefits are payable to the executor or administrator of the deceased, and any right of action belongs solely to such legal representative. Every definition of the word orphan limits its application to minor children who have lost by death one or both their parents. A fatherless child.—Jacob. A fatherless child or minor, or one deprived of the father and mother.—Wharton. A minor, or infant, who has lost both of his or her parents. Sometimes the term is applied to such a person who has lost only one of his or her parents. "Orphan" may mean either a minor, who has lost both parents, or one who has lost only one. *Heiss v. Murphy*, 40 Wis. 276, 290 ; 3 Mer. Ch. 48 ; 2 Sim. & S. Ch. 93 ; 14 Hazzard (Pa. Reg.) 188, 199 ; see, also, Hof. 247. Rapalje & Lawrence Law Dictionary says : "A fatherless child, or minor, or one deprived of both father and mother."

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs state in their petition that they, and certain other parties therein named, were, at the date of the death of Gustave Hammerstein, his only surviving children, and that said Gustave Hammerstein left no widow. They further state that, partly in their own right and partly by assignment, they represent all his surviving children. They further aver that said Hammerstein died April 12, 1886, being at the time of his death a member of class A, of the Odd Fellows Mutual Aid Association of Missouri, and being a member in good standing in a lodge of the Independent Order of Odd Fellows of the state, to-wit, Washington Lodge 24, and that he was at said date entitled to all the rights and benefits of said class, and had to his credit on its books one assessment in advance, as required by the laws of said association.

The plaintiffs further state that, upon the death of a

member, who, at the time of his death, was entitled to all the rights and benefits of the association, and who had to his credit on its books one assessment in advance, should there be no widow, his orphan child or children, in equal shares, are entitled to receive from the benefit fund of the class of which the decedent was a member, one thousand dollars if there be one thousand members of that class, sixty days after satisfactory proof has been made to the board of directors of the death of such member.

The petition also states that, in the event above stated, upon satisfactory proof of such death being made, the board of directors of the association are required to direct the president and secretary to draw a draft upon the treasurer in favor of the person or persons entitled thereto for the proper amount; that there were more than one thousand persons in class A at said time; that the association is unincorporated, and that the defendants are the president, treasurer, and directors thereof, and all members of class A; that although satisfactory proof of the death of said Gustave Hammerstein was made, and although more than sixty days had elapsed since the required proofs of death have been furnished, the defendants have failed to order such draft, or to draw it in favor of plaintiffs, but have converted the one thousand dollars, to which plaintiffs are thus entitled, to other uses of the association.

The defendants filed an answer, which, after generally denying the allegations of the petition, sets up, among other special defences, the following: (1) That the plaintiffs were not entitled to recover because they were not the orphan children of Hammerstein, but that plaintiffs, as well as those children of Hammerstein whose rights they represented by assignment, were all, at the time of their father's death, beyond the age of legal majority, and had not been designated as beneficiaries under the sixteenth section of the rules governing the association. (2) That, even if the benefit was payable to any one, yet, under the rules of the association,

as the deceased left no widow or orphan children and had designated no beneficiary, the benefits, if any, were payable only to his administrator or executor.   (3) That, even if the benefit was payable to any one, and even if the plaintiffs and their assignors would come within the designation of orphan children, yet, in that event, the benefits were payable to the lodge whereof the deceased was a member when he died, for the equal benefits of his orphan children, and plaintiffs were not entitled to maintain this action.

The answer was denied by reply, but the evidence adduced by the plaintiffs concedes that the plaintiffs, as well as their assignors, children of said Hammerstein, were all of age at the date of his decease.

The case was tried upon the issues thus framed.   At the close of the plaintiffs' evidence the court instructed the jury that the plaintiffs could not recover, whereupon the plaintiffs took a non-suit with leave, and prosecute this appeal from the judgment of the court refusing to set the same aside.

The special defences thus made are first to be considered, since it is evident that if it affirmatively appears by plaintiffs' pleadings and evidence that the facts stated in such special defences are true, then as a matter of law the plaintiffs have no cause of action against these defendants regardless of all other considerations.

It stands admitted that the rules of the association of which the deceased was a member contained the provisions hereinafter set out, and that such provisions are the ones determining how and to whom the benefit mentioned becomes payable in case of a member's decease :

"Sec. 16.   The secretary shall keep a book in which any member of the association who is unmarried or a widower without a child or children, may designate over his own signature or by attorney, to whom or to what object the money provided for by these laws and regulations shall be paid upon his death.   Such desig-

nation must be attested by at least two witnesses, and may, from time to time, be changed in like manner on said book. The directors, by a two-thirds vote of the members of the board present, may permit any member of the association to make a like designation whenever, in their judgment, the circumstances of the case require it. All powers of attorney under this section shall be filed with the secretary.

"Sec. 17. Upon the death of a member, who, at the time of his death, was entitled to all the rights and benefits of the association, and had to his credit on its books one assessment in advance, his widow shall be entitled to receive from the benefit fund of the class of which the deceased was a member, one thousand dollars, if there be one thousand members in that class. If there be less than one thousand members in that class, then the benefits shall be one dollar for each and every member thereof. Said amount, by a two-thirds vote of the board of directors, may be paid to the lodge of which the deceased was a member, to be divided between his widow and orphans in such manner as he may have designated. Should there be no widow, then the said amount shall be paid to the lodge of which the deceased was a member, for the use and benefit of his orphan child or children, in equal shares ; if, however, the deceased member, under the provisions of section 16, had designated to what person or object the amount should be paid, then the amount shall be paid accordingly. In case there should be no widow, child or children, or designated person or object, the amount shall be paid to his executor or administrator ; but in no case shall the amount become due and payable until sixty days after satisfactory proof has been made to the board of directors of the death of such member, nor until there are sufficient moneys in the treasury to pay the same, and the amount shall not, in any case, draw interest or profit from this association.

"Sec. 18. Upon satisfactory proof being made to the board of directors of the death of a member who is

entitled to the benefits of this association, the said board shall direct the president and secretary to draw a draft upon the treasurer in favor of the person or persons entitled for the amount specified in the foregoing section."

These rules form the contract between the parties, and as they prescribe in a detailed manner the method of distribution of the benefit fund, and the rights of its beneficiaries, the manner thus prescribed is necessarily exclusive of all others. *Coleman v. Knights of Honor*, 18 Mo. App. 195.

We do not understand that this position is seriously controverted by appellants. They claim, however, that they come within the designation of section 17, as orphan children, notwithstanding the fact that they were all of the age of majority at the date of the decease of their father. Even if this were so the amount, under the provisions of said section, would become payable, not to them, but to the lodge of which the deceased was a member for their use and benefit, and the petition would be insufficient in its averment of facts to justify an action in their own names for a recovery of the fund.

But we are clear that the plaintiffs are not orphan children within the meaning of that section. The entire context of the section shows that the words, orphan children, relate to a class of persons who are not *sui juris*, otherwise the interposition of the lodge as a trustee, in case the beneficiaries are orphans, would be wholly meaningless.

None of the authorities cited by appellants militate against this construction.

The case of *Duvall v. Goodson*, 79 Ky. 224, merely holds that, although the term child does not ordinarily include grand-child, yet it should be so construed if a different construction would defeat the manifest object of the agreement. In that case it was so construed to avoid a lapse of the benefit. In *Ballou v. Gile*, 50 Wis. 614, one of the objects of the society was to establish a widows' and orphans' fund, from which, upon the

decease of a member, a certain sum should be paid to his family or those dependent upon him, as he may direct; in case of a failure of direction, the council was authorized to pay the same to the person or persons entitled thereto. There was a failure of direction by reason of the death of the beneficiaries named by the decedent, and the council ordered the fund to be paid to the surviving widow. The court held such payment proper on the manifest ground that the fund was one, in the absence of any other direction, for the members of his family.

The case of *Fenn v. Lewis*, 10 Mo. App. 480, affirmed in 81 Mo. 264, throws no light on this subject. In that case the petition of the widow and daughter, plaintiffs, averred that, by the terms of the defendant's charter, on satisfactory evidence of the death of a member of the corporation, a sum not exceeding five thousand dollars shall be paid to his family, or as he may direct, and that the defendant, Lewis, the administrator of Fenn, had collected this amount from the corporation and converted it to his own use. A demurrer was interposed on the ground that the petition did not state facts sufficient to constitute a cause of action, and was sustained. In delivering an opinion, reversing the judgment of the lower court, Judge Bakewell says: "The allegations must be taken as true. It, therefore, appears that the object of the association of which deceased was a member was declared by its charter to be to establish a fund, from which, on the death of a member in good standing, a sum not exceeding five thousand dollars shall be paid to his family or as he may direct, that is, that it shall be paid, in the absence of any contrary direction, to the family of the deceased member. * * * It does not seem to have been contemplated that the fund shall be paid to the administrator of the deceased and made liable for his debts. The family of the deceased in the present case seem to be the persons entitled, and there can be no doubt, under the allegations

of the petition, that the plaintiffs are the family of the deceased according to the meaning of the charter." The Supreme Court, in affirming this decision, simply says: "The reasons and conclusions of the court of appeals are satisfactory to this court," without assigning any reasons of their own.

In the case at bar the rules expressly provide that in a certain contingency the benefit should be paid to the executor or administrator of the deceased. This is the contract between the parties, and the question for the determination of the court is, not whether a payment to the adult children of the deceased is more in harmony with the object of the association, but whether the contingency upon which the fund thus became payable exists. If it does exist, then the personal representative named, and not the adult children, is the proper party plaintiff.

For the purpose of determining whether the contingency exists the entire section 17 has to be construed. "Should there be no widow, then the said amount shall be paid to the lodge of which the deceased was a member for the use or benefit of his orphan child or children, in equal shares. In case there should be no widow, child or children, or designated person or object, the amount shall be paid to his executor or administrator." The words, "child or children," necessarily relate to the child or children mentioned in the preceding clause, namely, "orphan child or children." The section will admit of no other intelligent construction. The last clause does not purport to create any right in any class of children, but merely undertakes to prevent a lapse of forfeiture in certain cases, and it is evident that it was not designed that the fund should lapse if the deceased left adult children, and yet vest in the personal representative if he left no children at all.

As these views necessarily dispose of plaintiffs' claim that, under the conceded facts, they are the beneficiaries of the fund, there was no error in the ruling of

the court that, under the pleadings and evidence, they could not recover.

Judgment affirmed.    Judge Thompson concurs. Judge Lewis is absent.