McFarland, Adm'r, v. Creath.

JOHN P. McFARLAND, Administrator, Appellant, v. GEORGE W. CREATH et al., Respondents.

St. Louis Court of Appeals, March 19, 1889.

1. **Pleading**: MOTION FOR JUDGMENT. The constitution of a benefit association authorized the assignment of a benefit certificate by the member holding it, with the approval of the secretary. M. assigned his certificate for two thousand dollars to C., in due form, and afterwards died. His administrator demanded payment of the benefit from the association, and instituted this suit for possession of the certificate and recovery of the money, Both C. and the association answered, setting up the assignment as a valid transfer, and the association tendered the money in court, asking that C. and the administrator be directed to interplead for the same. The plaintiff replied, and moved for judgment on the pleadings, because C. had not replied to his co-defendant's answer and cross-bill. *Held*: The motion was properly overruled.

2. **Evidence**: IRRELEVANCY. The plaintiff's offer to prove that the assignee of the benefit certificate was not a member of the order, of which the association that issued it was a part, was properly refused for irrelevancy.

3. **Assignment of Life Policy**: INTEREST IN LIFE ASSURED. A certificate or policy of life insurance, issued to a *bona-fide* beneficiary, and valid in the hands of the original holder, will not lose its validity or obligatory force by reason of its being assigned to one who has no insurable interest in the life of the assured ; and this rule will not be affected by a by-law of the insurer, providing that no certificate shall issue, unless the beneficiary has an insurable interest in the life of the assured.

McFarland, Adm'r, v. Creath.

4. **Action: RIGHT OF RECOVERY: ESTOPPEL.** In this case, the plaintiff, by showing that the defendant assignee is not entitled to the benefit certificate, would establish no right of recovery in himself. His claim that both the certificate and the assignment were void in their inception, by reason of statutory regulations and the by-laws of the association, would only go to show that there was nothing for him to recover as administrator; and he cannot complain of any action on the part of the association or of the assignee, or that he has been defrauded by either. It cannot be said that the association is not estopped to deny the validity of the certificate as against the assignee, but that it is so estopped as to the plaintiff administrator.

5. **Life Insurance: RIGHTS OF ADMINISTRATOR.** The administrator of the beneficiary in a life policy is not himself a beneficiary, and has no vested rights which could be violated by any act of the decedent in his lifetime. His rights are purely derivative, and cannot in any event be greater than those of his intestate. No such claim is admissible, as that an administrator has been defrauded by, or with the concurrence of, the decedent; nor can an administrator avoid a contract on the ground of the fraud of his intestate.

*Appeal from the Wayne Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Nalle & Raney*, for the appellant.

The appellant's motion for judgment ought to have been sustained. Creath, in failing to reply to his co-defendant's cross-bill, accepted it as true. The admissions of the two answers left no triable issue. The constitution and by-laws of the defendant association filed as exhibit "A" with plaintiff's petition, being admitted by defendants as true, fixed the beneficiary absolutely, there being none named in the certificate of membership, or the one named being an impossible one at the date of payment. Bacon on Benefit Societies and Life Insurance, secs. 295, 307. The assignment set up in the answers of the certificate of membership, did

not pass to Creath the money and benefits to be paid. Morlson had no vendable interest therein. Bacon's Benefit Societies and Life Insurance, section 295, and cases cited in foot notes 1 and 2. The constitution and by-laws gave to the secretary no power to make valid the assignment. His act and the stipulation in the certificate, are of no force or validity, in violation of the laws of the association before cited, and against the insurance laws of the state. The assignment and the stipulation in the certificate embrace the paper only, and do not refer to, or mention, the money and benefits to be paid. The court erred in excluding the evidence sought by the question asked of witness Hamilton, to-wit: "Was Creath from the time Morlson told you to go to Creath for assessments upon the certificate, till the time of Morlson's death, a Mason in good standing, or a member of any lodge of Masons?" and also in refusing to hear the evidence plaintiff offered in rebuttal. Bacon's Benefit Societies and Life Insurance, sec. 248. The association is not an insurance company. R. S. 1879, secs. 970 and 972; Sess. Acts of 1887, sec. 13, p.204; Art. of Ass'n, sec. 1, p. 23. Creath could not be a beneficiary under any circumstances. R. S. 1879, sec. 972; *Coleman v. Lodge*, 18 Mo. App. 189; *Lodge v. Elsner*, 26 Mo. App. 109. Morlson was not a beneficiary. The words "to himself," in the certificate of membership, did not make him a beneficiary. R. S. 1879, sec. 972.

*Dinning & Byrns*, for the respondents.

The association is an insurance company. *State ex rel. v. Society*, 72 Mo. 146; *Com. League v. The People*, 90 Ill. 166; *Com. v. Wetherbee*, 105 Mass. 149; *Society v. Baldwin*, 86 Ill. 479; *Society v. Booth*, 12 Chic. Leg. News, 151; *District v. Association*, 45 Wis. 79; *Schunck v. Gegenseiter*, 44 Wis. 369; *State v.*

*Branner*, 15 Mo. App. 597 ; *Com. v. Wetherbee*, 105
Mass. 149.  The insured Edward Morlson, now deceased,
when he became a member of said association, accepted
a policy, by the plain terms of which it was agreed
between the parties that it could be assigned.  The
policy contained "the following express condition and
agreement," viz:  " 4.  No assignment of this certifi-
cate shall be valid unless approved by the secretary of
association."  See record, page 45.  The assignment to
Creath was in strict accord with the express provisions
of the written contract or policy, and was approved by
the secretary of the association.  *Society v. Lupold*, 101
Pa. 111 ; *Coleman v. Knights of Honor*, 18 Mo. App.
189 ; *Lamont v. Association*, 30 Fed. Rep. 817 ; *Ins. Co. v.
Roth*, 87 Pa. 409 ; *Swift v. Association*, 96 Ill. 309 ;
*Grand Lodge v. Elsner*, 26 Mo. App. 109 ; *Davidson v.
Knights of Pythias*, 22 Mo. App. 275 ; *Society v. Burk-
hart*, 110 Ind. 189 ; *Grand Lodge v. Child*, 38 N. W.
Rep. 1 ; Bacon's Ben. Society and Life Ins., secs. 297,
298, 299 ; *Ins. Co. v. Garland*, 108 Ill. 220 ; *Harley v.
Heist*, 86 Ind. 196 ; *Diffenbach v. Vogeler,* 61 Md. 376 ;
*Garlund v. Ins. Co.*, 9 Bradwell, 571.  An insurable
interest is not necessary to the validity of the assign-
ment.  The value and permanency of the interest is
material only as bearing on the question whether the
certificate is taken out in good faith, and not as a
gambling transaction.  *Dalby v. Ass'n*, 15 C. B. 365 ;
*Rawls v. Ins. Co.*, 27 N. Y. 282 ; *Ins. Co. v. Baum*, 29.
Ind. 236 ; *Bursinger v. Bank*, 67 Wis. 76 ; *Clark v.
Allen*, 11 R. I. 439 ; *Ins. Co. v. Armstrong*, 117 U. S.
591 ; *Ins. Co. v. Schaefer*, 94 U. S. 457 ; *Cannon v. Ins.
Co.*, 29 Hun. 470 ; *Eckel v. Renner*, 41 Ohio St. 232 ;
*Life Association v. Blue*, 120 Ill. 121 ; *Lamont v. Asso-
ciation*, 30 Fed. Rep. 817 ; *Olmstead v. Keys*, 85 N.
Y. 593 ; *Palmer v. Nuevill*, 6 Cush. 282 ; *St. John v.
Ins. Co.*, 2 Duer, 419 ; Bacon's Benefit Societies and

Life Insurance, sec. 302. " Where, under the articles of association of a mutual benefit society, the benefits are payable to the person designated by the member, or by his last will and testament, it is competent for such member by his own act, with the consent of the company, at any time before his death, without the formalities of a will, to make a transfer of the benefit from the original beneficiary named to any other person he may select, whether the person so selected has or has not an insurable interest in his life." *Lamont v. Association*, 30 Fed. Rep. 817. The administrator can take no advantage of any of the things complained of by him, nor can he avoid the assignment of the certificate. He takes only the title his intestate had at the time of his death. The certificate and its assignment are good at least between the parties thereto.

BIGGS, J., delivered the opinion of the court.

This is an action brought by plaintiff as administrator of the estate of Edward Morlson, deceased, to recover of defendant corporation the amount due on a certificate issued by said defendant, on the life of deceased, by which as alleged, it was agreed by defendant corporation, to pay at the death of said deceased, to the beneficiary therein named, not less than one thousand dollars, and not more than five thousand dollars. That the articles of association and the by-laws provided that if no beneficiary was named in the certificate, then the amount due was to be paid to the widow of deceased ; if there was no widow, then to the children ; and if there were no children then the amount was due and payable to the executor or administrator of deceased.

That deceased left no widow or children, and as the certificate provided, that the amount due thereunder should be paid to the deceased himself, that plaintiff, as the administrator of the estate of the assured, had a

right to demand and receive whatever amount was due, under said certificate.

Plaintiff alleged that the defendant, George W. Creath, was wrongfully in possession of said certificate, and that he wrongfully claimed, that the amount due on said certificate was payable to him. That plaintiff had demanded of defendant Creath, the possession of said certificate, which had been refused, and that plaintiff had also demanded of defendant corporation the payment of the sum due on said certificate. Plaintiff asked that defendant Creath be compelled to produce the certificate, and that defendant corporation be compelled to pay plaintiff whatever amount was found to be due.

Separate answers were filed by the defendants. The association answered that it was a corporation organized under the laws of Missouri, concerning benevolent societies, etc., and at the time of the death of Edward Morlson, he held a certificate in the association which was, at the time, in full force, and that defendant was liable to pay to the party entitled thereto the amount due thereon, to-wit, the sum of two thousand dollars. That no beneficiary was named in the certificate as originally issued, but it provided that the amount, which might be due under the same, should be paid to the deceased himself. Defendant further alleged, that after said policy had been issued, to-wit: On the tenth day of March, 1885, the deceased assigned said certificate, by a written endorsement thereon, to defendant Creath, and that on the fourth day of April, 1885, said assignment was duly approved by defendant's secretary; that under the constitution and by-laws of the association, an assignment of said certificate could be made, but such assignment, in order to be valid, had to be approved by the secretary of the corporation. That defendant would have paid the money due under said certificate to its co-defendant Creath, as assignee of said

certificate, if it had not been notified of the adverse claim of plaintiff. That defendant now tenders the money in court, and asks that the plaintiff and defendant be required to interplead herein for said fund. The defendant Creath also filed an answer, alleging that he was the true and lawful owner of said certificate, and that under the constitution and by-laws of his co-defendant, the deceased had the legal right to assign said certificate to him, by and with the approval of defendant's secretary. That said assignment was so made, as alleged in his co-defendant's answer, whereby he became beneficiary in said certificate. That the estate of Edward Morlson had no interest in said certificate, and that defendant was entitled to the money. He asked for an order directing the payment to him of the said sum of two thousand dollars, paid by his co-defendant into court. Plaintiff's reply is very voluminous and contains a great deal of matter, but the sum and substance of all of it is, that defendant denies that the assignment of the certificate was made to Creath, or that the same, if made, was valid and authorized by the by-laws and constitution of the association.

We have gone rather minutely into the pleadings, for the reason that plaintiff filed a motion for judgment on the pleadings, which the circuit court overruled, and plaintiff assigns this for error in this court. Plaintiff read in evidence the constitution and by-laws of the defendant association, and also the certificate issued by defendant corporation on the life of Edward Morlson, dated November 13, 1884. The following assignment was endorsed on said certificate, to-wit :

" For value received, I hereby assign, transfer, and make over, to Geo. A. Creath, Sr., of Piedmont, Wayne county, Missouri, my certificate of membership, number 3642, class 4, division C., in the Masonic Mutual Benefit Society of Missouri, issued November 13, 1884, and

signed by Lee A. Hall, president, and J. E. Cadle, sec-
retary, which is hereto attached ; given under my hand
this March 10, 1885.

"(Signed),               EDWARD MORLSON."
"Approved this April 4, A. D., 1885.

"J. E. CADLE, Secretary of the Masonic Mutual
Benefit Society of Missouri."

Plaintiff also proved that deceased left no widow or
children ; that defendant Creath had refused to deliver
up the certificate, and that the defendant corporation
had refused to pay plaintiff, as administrator, the
amount due on said certificate, because the same had
been assigned by deceased to defendant Creath, and
that the assignment had been approved by the associa-
tion.

Defendant introduced testimony tending to show
that the signature of deceased to the assignment was
genuine, and that the signature of J. E. Cadle, secretary
of defendant corporation, to the assignment, was also
genuine ; that defendant Creath paid to the agent of
said association, at Piedmont, all of the assessments on
said certificate since the spring of 1885 ; that deceased
told the agent to go to defendant Creath for the payment,
as he had assigned his certificate to him.

Plaintiff asked this witness on cross-examination,
the following question, to-wit :   " Was Creath, from
the time Morlson told you to go Creath for pay for
assessments upon the certificate till the time of Morlson's
death, a Mason in good standing, or a member of any
lodge of Masons ? "

Defendant objected to this question because the
evidence sought was immaterial ; the court sustained
the objection and plaintiff excepted.   James W. Wilson,
one of defendant's witnesses, testified that Morlson
told him that he had assigned the certificate to defend-
ant Creath, for the benefit of Creath's two little boys,
and that Creath was going to let him have some money

to go into business. That the boys of Creath were not related in any way to Morlson. Defendant also read in evidence, the certificate of membership, and the assignment thereon. Clause 4 in said certificate reads as follows: "No assignment of this certificate shall be valid unless approved by the secretary of the association." To the reading of this clause, plaintiff objected for the reason that it was void as against the law, public policy, and the constitution and by-laws of the defendant association. The court overruled the objection, and the defendant excepted. Plaintiff also objected to the reading of the assignment of the certificate to the defendant Creath, because no consideration for the assignment had been proved, and the same was void as against the law, and the constitution and by-laws of the association. The objection was overruled, and the plaintiff excepted.

The plaintiff, in rebuttal, offered a circular purporting to have been issued by the defendant corporation, which set forth the rules and objects of the association. Defendant objected to this, as incompetent, irrelevant, and not in rebuttal, the objection was sustained, the plaintiff excepting.

The cause was submitted to the court without the intervention of a jury. No instructions were asked or given, and the court rendered judgment for the defendants and dismissed plaintiff's petition. The plaintiff brings the cause to this court by appeal and assigns the following errors:

*First.* "Plaintiff's motion for judgment ought to have been sustained. Creath by failing to reply to his co-defendant's answer or cross-bill accepted it as true."

*Second.* "That the court erred in holding the assignment of the certificate by Morlson to Creath valid."

*Third.* "The court admitted improper testimony offered by defendant and against plaintiff's objection."

*Fourth.* " That the court rejected proper testimony offered by plaintiff."

I.   The first complaint made by plaintiff is that the court ought to have sustained his motion for judgment on the pleadings.   The exact theory on which this contention is grounded is quite difficult to gather, either from the record, or the brief of plaintiff's counsel. Plaintiff seems to regard the proceedings in the nature of an interplea, and because defendant Creath failed to reply to the separate answer of his co-defendant, that the facts therein stated must be taken as true, and that a judgment for plaintiff ought to follow.   Just why this is true is not pointed out, nor has it become apparent to us, after a careful examination of the record.   If plaintiff's petition could be regarded in the nature of an interplea, or if the answer of defendant corporation was in effect a bill of interpleader, yet there was nothing in the answer of the corporation that Creath need deny. The association in its answer averred the assignment from Morlson to Creath ; that it had been approved by the secretary of defendant, that the assignment was valid, and that it would have paid the money to Creath if plaintiff had not notified it not to do it.   But plaintiff's petition cannot be treated as a suit in equity in the nature of a bill of interpleader.   His remedy is at law.   *Hathaway v. Foy*, 40 Mo. 540.   Neither can the answer of the defendant company be regarded as a cross-bill or interpleader, to which the defendant Creath was bound to make reply, because there was no order of court requiring the plaintiff and Creath to interplead for said fund.   This assignment of error will have to be ruled adversely to plaintiff.

II.   The validity of the assignment of the certificate of the deceased, to the defendant Creath, is the controlling question in this case.   The trial court held the assignment to be valid, and the plaintiff assigns this for error. If the transfer of the certificate, by deceased to Creath,

can be upheld, the *legal effect* of it was the naming of defendant Creath, by deceased, as the *beneficiary*, in the certificate. Niblack Mutual Benefit Societies, sec. 192.

The plaintiff claims that the transfer of said certificate was void for two reasons : (1) That Creath had no insurable interest in the life of Morlson. (2) That the transfer was unauthorized by the constitution and by-laws of the corporation, and that Creath could not be named as a beneficiary in said certificate.

It is conceded that what is called a wagering policy is void. That a policy taken out on the life of a third party by the beneficiary, in the continuance of whose life the beneficiary has no interest, either pecuniary or otherwise, is considered a speculation by one party on the life of another, and is against public policy. But in the case at bar, the insurance was taken out by Morlson himself, and carried for some time for his own benefit, and in which Creath took no part, and had no interest. Morlson had the undoubted right to take out the policy in the first instance, and although Creath may have had no insurable interest in Morlson's life, yet the transfer of the certificate cannot be regarded as void, unless it was shown that the arrangement between Morlson and Creath was in point of fact a wagering contract. In case of *Lamont v. Grand Lodge*, 31 Fed. Rep. 180, the court says : "Public policy requires that a person having no insurable interest in the life of another shall not be permitted to speculate on such life, and thereby become interested in its early termination. But public policy does not forbid a person, *in good faith* from making provisions for the future of another, in whom he may be interested, even though the latter may not have an insurable interest in his life." * * * "It has never been held, that public policy forbids a person from insuring his own life, and, by will or otherwise, controlling the disposition of the proceeds of the policy. In such case the beneficiary has no part in the contract

of insurance, and has no control over it." In discussing the power of appointment in cases like the one under consideration, this court in case of *Grand Lodge v. Elsner*, 26 Mo. App. 118, said: "During his lifetime the member may exercise the power of appointment without other limits and restrictions, except such as are imposed by the organic law, or by rules and regulations of the society duly adopted in compliance therewith." This rule of public policy, which plaintiff insists on, is generally invoked, where the policy is taken out, and the premiums paid by a party, who has no insurable interest in the life of the assured. The rule does not apply to a case like the one at bar, where the original contract was make by the assured himself, and in which the beneficiary had no interest and took no part.

The fact that the by-laws of the defendant corporation provide that no certificate shall *issue*, unless the beneficiary has an insurable interest in the life of the assured, is merely declaratory of the general law as above stated, and in no wise changes or adds to the rule.

The second reason urged by plaintiff's counsel, against the validity of the assignment, presents a question of some difficulty. As suggested above, the endorsement on the back of the certificate by deceased, and the approval thereof by the secretary of the corporation cannot be treated as an absolute assignment of the certificate to the defendant Creath, but will be regarded as the designation of him as beneficiary therein. Niblack on Mutual Benefit Societies, *supra*. But plaintiff contends that under the laws of the state ( R. S., secs. 972 and 974 ), the original contract of insurance was unauthorized ; that the assignment to Creath by Morlson was against this law, and also in violation of the by-laws and charter of the defendant corporation ; that there was no consideration for the assignment, and

that for these reasons the judgment in this case ought to have been for plaintiff, for the amount due under the certificate.

We must keep in view that the question in this case is not whether defendant Creath is entitled under the evidence to the fund but whether plaintiff, as administrator of Morlson, has shown *himself* to be entitled to it. Plaintiff must establish this to recover. By proving that Creath is not entitled to it he proves nothing, and makes out no case for plaintiff.

Section 972 of the statute, which plaintiff claims forms part of the charter of defendant corporation, provides that such corporations may provide for the " relief and aid of the *families, widows, orphans or other dependents* of the deceased members." And section 974 provides that "nothing therein contained shall be construed to authorize any association formed thereunder to insure the *life of any member thereof for his own benefit, or that of any other person.*" If plaintiff is right in his assumption that these provisions form part of defendant corporation's charter, and that by reason thereof the original contract of insurance was void, how can this be used in aid of plaintiff, who claims under the contract, as the representative of Morlson ? Plaintiff is not a member of the family of deceased, nor is he a *widow, or orphan or other dependent* of Morlson. If the plaintiff, as administrator, has no rights under the contract, he cannot complain that he has been *defrauded* by any action of the *company* and *Creath* in reference *to the contract.* The articles of incorporation of defendant corporation provide and state the objects of the corporation are " to give financial aid and benefit to the widows, orphans, and heirs-at-law of deceased members or to *such uses and purposes as said members* shall by *last will and testament appoint.*" Under the facts in this case as presented, it is not necessary for us to consider or determine whether

this provision of defendant's charter is, or is not, in conflict with the sections of the statute referred to, or whether the assignment to defendant Creath was valid or invalid. Because if the contract was invalid, and if the assignment to Creath was unauthorized, yet from the evidence it appears that these matters have been waived by defendant company so far as Creath is concerned, and plaintiff is in no position to object. We *may* assume that the company by its act has precluded itself from questioning, so far as Creath is concerned, the validity of the original contract or the validity of the assignment. But we cannot assume, which is the view urged by plaintiff, that the corporation is not estopped, so far as Morlson and Creath are concerned, to deny the validity of the contract and assignment, but is estopped to do so, so far as plaintiff as administrator of Morlson is concerned.

From this it follows that plaintiff's complaint, that the court refused to permit him to show that Creath was not a Mason in good standing, at the time of the assignment, goes for nothing. Nor can the plaintiff complain of the refusal of the court to admit the circular, which was offered by plaintiff in evidence.

The judgment, with the concurrence of the other judges, will be affirmed. It is so ordered.

ROMBAUER, P. J., delivered the opinion of the court on motion for rehearing.

The plaintiff moves for. a rehearing on the ground that the judgment is opposed to *Coleman v. Knights of Honor*, 18 Mo. App. 189, and *Hammerstein v. Parsons*, 29 Mo. App. 509, and on the further ground that the opinion ignores the fact that the gist of his action is to obtain relief against the effects of the alleged fraudulent conspiracy between Creath and the officers of the benefit association.

The first point rests on the misconception of the points decided in the cases cited, which are to the effect that the rules of the association form a contract between the parties on *the terms of which the association has the right to insist against any claimant.* No decided case goes to the extent that the contract cannot be modified or even entirely abrogated by the concurrent action of the association and the member, when by such action no vested rights are impaired. An administrator can in the nature of things have no vested rights in the contracts of his decedent, during the lifetime of the latter. The plaintiff falls into the error of considering himself a beneficiary, whose rights cannot be affected by his intestate, except in strict conformity with the terms of the contract. In point of fact the plaintiff is no beneficiary at all. He is named in the certificate for the purpose of preventing a lapse upon the happening of certain contingencies, but beyond that he has no rights. His rights are purely derivative and can in no event be greater than those of his intestate.

The second point rests on a misconception of the law, by which the rights of an administrator are determined. There is not a particle of evidence of any attempt to defraud Morlson, or that Morlson did not intend to part with his interest. The claim is not that any fraud was practiced on the decedent, but is in substance that one was practiced with the concurrence of the decedent on his administrator. No contract can be avoided by an administrator on the ground of the fraud of his decedent. That has been decided as early as *McLaughlin v. McLaughlin,* 16 Mo. 242 , and has since been re-affirmed repeatedly. *George v. Williamson,* 26 Mo. 190 ; *Merry v. Fremon,* 44 Mo. 522 ; *Jackman v. Robinson,* 64 Mo. 292 ; *Zoll v. Soper,* 75 Mo. 462.

Motion overruled and rehearing denied. All concur.