JULIUS HAMMERSTEIN, Ex'r of GUSTAV HAMMERSTEIN,
Deceased, Respondent, v. TIMOTHY T. PARSONS
*et al.*, Appellants.

### St. Louis Court of Appeals, December 17, 1889.

1.  **Unincorporated Association : RIGHTS OF MEMBERS INTER SESE.**
    While the members of an unincorporated association are partners
    *inter sese*, their rights against each other may be limited by con-
    tract, and the constitution and by-laws of the association constitute
    a contract between them.

2.  ———— : ————. When the by-laws of an unincorporated associa-
    tion provide for the payment of death losses out of the treasury, or,
    if the funds in the treasury be insufficient, by specified assessments
    against the members, the beneficiaries of a member who dies have
    no claim against any member or members for their claim, but are
    only entitled to the enforcement of the means of payment provided
    by the by-laws.

3.  ———— : REMEDY OF MEMBERS, WHETHER LEGAL OR EQUITABLE.    In
    such case, the remedy of the beneficiaries, if their claim is denied,
    is in equity for the enforcement of the means of payment provided
    by the by-laws.

4.  ———— : PERSONAL LIABILITY OF DIRECTORS.  If the directors of such
    association had on hand, when the loss accrued, sufficient funds
    applicable, according to the by-laws, to the payment of such loss,
    but diverted the same to the payment of other claims, they are
    personally liable for any deficiency, which the beneficiaries may
    be unable to collect by enforcement of the by-laws.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED.

*W. E. Fisse*, for the appellants.

*A. A. Paxson* and *Jos. S. Laurie*, for the respondent.

BRIGGS, J., delivered the opinion of the court.

The plaintiff is the executor of Gustav Hammerstein, deceased, and as such he instituted this action at law, to recover of the defendants, as members of the Odd Fellows Mutual Aid Association of Missouri, the sum of one thousand dollars.    The Odd Fellows Mutual Aid Association is an unincorporated society, and its object and purposes are fully stated in the case of *Emma Hammerstein et al. v. Timothy T. Parsons et al.*, 29 Mo. App. 509.    The opinion in the case referred to also contains a statement of all by-laws, rules and regulations adopted by the society for its government; therefore, we have deemed it unnecessary to restate them in this opinion.

In the case of *Emma Hammerstein v. Parsons, supra*, the plaintiffs were the children of Gustav Hammerstein, deceased, and as such they claimed the benefit of a certificate of insurance or membership issued by the association to their deceased father.    This court held in that case, that, as it appeared or was conceded that the plaintiffs were adults, no right of action under this certificate accrued to them; but that, if any such right of action did exist, it was in favor of the administrator or executor of the deceased.    The plaintiffs in that case dismissed their action, and this suit was instituted.    The present cause was tried before a jury in the circuit court, and the plaintiff recovered a verdict for eleven hundred and fifty dollars and five cents, and judgment was entered accordingly.    From this judgment the defendants have appealed the case to this court.

The defendants, in their answer, made several defenses, and they have assigned in this court numerous errors.    The contention of the defendants in the circuit court was, that they, as members of said association, were not jointly or severally liable to the plaintiff for the amount claimed, and that, if any right of action existed in plaintiff's favor, it could only be asserted in

a court of equity. The trial court was of a different opinion, and held that an action at law could be maintained against them as members of the association, and that they were jointly and severally liable. This ruling of the court the defendants assign for error.

The questions presented are not free from legal difficulties; but we are of the opinion that the defendants are right. We think it may be properly said, although this is denied by the plaintiff's counsel, that the questions involved have never been directly passed on by the courts of this state. The case of *Piquenard v. Libby*, 7 Mo. App. 565, was an action at law against the officers and directors of this society, in which the plaintiff claimed a judgment against the defendants for the amount of a certificate of membership held by her husband at the time of his death. During the trial of this case, the individual liability of the defendants seems to have been conceded, provided the deceased was an Odd Fellow in good standing in his lodge at the time of his death. The objection that the defendants were not individually liable, or that an action at law could not be maintained against them, was not made in the defendants' answer, and the question was not raised until the case reached this court on appeal. This court, in its opinion, did not notice the objection, for the reason, as we assume, that it was not properly presented for review by the record; we think we are justified in this presumption, for the reason that the legal questions involved were very important, and they would not have been passed over by the court, if they had been properly presented by the record for review.

In the case of *Hammerstein et al. v. Parsons*, 29 Mo. App. 509, *supra*, the court decided that the adult children were not the beneficiaries, and that the amount sued for, if due at all, belonged to the personal representatives of the deceased. Under that view, the discussion of the question now under consideration became

unnecessary, and the court disposed of the case without intimating what its opinion was on the subject. In the case of *White v. Bellefontaine Lodge*, 30 Mo. App. 682, the defendant was sued as a corporation. The corporate existence of the defendant was denied under oath, and proof was introduced to show that the defendant society was not incorporated. The plaintiff introduced no countervailing evidence. Judge THOMPSON, in disposing of the case, held that the action could not be maintained against an unincorporated society, but made the observation that there was nothing to prevent the plaintiff from bringing an action against the individuals who composed the defendant lodge; but he in no way indicated upon what principle the individual members could be held, or whether such action should be at law or in equity. In the same case, Judge ROMBAUER delivered the opinion of the court on a motion for rehearing, in which he said : "The plaintiff's proper mode of procedure, if she desired to test the merits of her claim, would have been the one pursued in *Piquenard v. Libby*, 7 Mo. App. 565. We desire, however, to add that we do not intend to intimate that, under the evidence offered, she has recourse against anyone, or has shown any cause of action against anyone,—not feeling called upon to express any opinion on that subject one way or the other, since the proper parties are not before the court." We do not understand, by this, that the court expressly affirmed the case of *Piquenard v. Libby*, *supra*, but, on the contrary, it stated that it did not desire or intend to express an opinion on the questions presented in the *Piquenard case*, because the proper parties were not before the court.

Many authorities, and especially the older decisions, have proceeded on the idea that an association of individuals must be either a corporation or an absolute partnership; and this was the theory upon which plaintiff tried this case. The contention of the plaintiff's

counsel is that the members of this association, in so far as their rights among themselves are involved, must be regarded as partners, and their legal liability fixed accordingly. This proposition is correct, unless, by the by-laws of their organization, the pecuniary liability of the members is limited, and is only to be enforced in a certain way and upon certain contingencies. *Protchett v. Schaefer*, 11 Phila. Repts. 166; Bacon Ben. Soc., sec. 35. The by-laws and constitution of such a society constitute the contract between the parties, and it is only the province of the courts to enforce and give effect to such a contract according to its evident meaning. *Coleman v. Knights of Honor*, 18 Mo. App. 195.

The by-laws of this association provide that, in case of the death of a member belonging to class A, his widow, orphan children or personal representative, as the case may be, shall be entitled to receive from the benefit fund belonging to the association the sum of one thousand dollars, provided there are one thousand members in class A at the time of the death of the member; but in no case shall the amount be payable until sixty days after satisfactory proof of death has been made to the board of directors, nor until there is sufficient money in the treasury to pay the same. It is also provided that, in a proper case, it shall be the duty of the board of directors to direct the president and secretary of the association to draw a draft upon the treasurer in favor of the persons entitled to receive it. The benefit fund, referred to, is created by assessments against the members of the association, and if this fund is not sufficient to pay a loss, it is made the duty of the secretary, under the direction of the directors, to replenish it, by sending out notices of assessments against the members. However, under the system adopted by the association, there could not very well be a deficit in this fund, provided the officers did their

duty, because it is made the duty of each member to pay an assessment in advance.

When the deceased became a member of this order, he consented and agreed to these regulations and by-laws as the contract which was to govern him and his brother members in adjusting their rights and obligations among themselves. Bacon Ben. Soc., secs. 37, 91; *St. Mary's Ben. Soc. v Burford's Adm'r*, 70 Pa. St. 321; *Payne v. Snow*, 12 Cush. 443; *Tyrrell v. Washburn*, 6 Allen, 466. According to this contract there was no promise to each member by all the rest, that, in the event of his death, they would pay his beneficiary anything. The contract was, that it should be the duty of the board of directors on the death of a member to order the president and secretary to draw a draft on the treasurer of the society for the amount due under the certificate of the deceased, and that this draft should be payable out of the "benefit fund." The only promise made by the individual member was to the association itself, and that was, that, whenever an assessment was needed to supply a deficit in the benefit fund, and he was notified of it, he would make prompt payment, as required by the rules of the society, or forfeit all rights as a member of the association. It is quite evident that all the members of the association so understood the contract, and that it was not within the reasonable contemplation of any of the members that a different or greater obligation was assumed by them. Our conclusion is that, while it may be said that the members of this society are partners, yet the obligation, arising from the relation thus assumed, has been limited by express contract, and that this special contract made with the association constitutes the law by which the rights of its members, among themselves, are to be adjusted. By the terms of this contract, the payment of assessments by the members is not made absolute, but any member may decline to pay, and the

only penalty attached to such refusal is the forfeiture of all rights of the member in the association. Under this kind of a compact, we are unable to conceive upon what legal or equitable principle the members of this association, by virtue of *membership alone*, can be made personally liable for a death claim..

The plaintiff, however, has some rights growing out of this compact between the deceased and the associa- tion; but the troublesome questions are, whom must he sue, and what kind of an action must he bring. The present action is predicated on the idea of a contract existing between the individual members, and of which a court of law would take cognizance. In this view we cannot concur. As heretofore stated, the only agree- ment made by the individual member was with the association itself, and, as the society had no legal existence, the rights of the members, growing out of this agreement or compact, could only be recognized and enforced in a court of equity. *Payne v. Snow*, 12 Cush. 443. We have been unable to find any adjudi- cated case that sustains the doctrine contended for by the plaintiff; but, on the contrary, all the authorities hold that a court of equity, with its flexible rules and enlarged powers, is the only forum in which the equita- ble rights of the plaintiff can be worked out and enforced. If the plaintiff is entitled to the money, then the directors and officers of the association have been guilty of a breach of trust. If there was sufficient money in the treasury and belonging to the "benefit fund" to pay the loss, it was the absolute duty of the directors to order a warrant drawn in favor of the plaintiff for the amount due; or, if there was not suffi- cient money belonging to the benefit fund to pay the claim, then the directors ought to have ordered an assessment to be made. The plaintiff, as a legal bene- ficiary, had a right to demand of the directors the per- formance of the duties thus imposed, and, when they

refused, the plaintiff's only remedy was in a court of chancery, to compel the execution or performance of the trust. Niblack Ben. Soc., secs. 147, 354, 112; *Payne v. Snow*, 12 Cush. 443; *Gorman v. Russel*, 14 Cal. 131. In such a proceeding, the directors and officers would ordinarily be the only necessary or proper parties.

Although it necessarily follows from the conclusion arrived at by us, that the judgment in this case cannot be sustained, yet, in view of this troublesome and protracted litigation, we have thought that it was due to the litigants to indicate our opinion as to the merits of the controversy, and the mode of procedure, should the plaintiff bring an equitable action to enforce the collection of the claim. We do not hesitate to say that, on the evidence as now presented by the record, a chancellor would be fully authorized to enter a decree in favor of the plaintiff. The nature of such a decree would depend upon circumstances. If it should appear that the directors have retained a sufficient amount belonging to the benefit fund at the time of Hammerstein's death, or when the plaintiff's claim became due and payable, to pay the claim, then the court would only be required to render a decree compelling the directors and officers of the society to issue and pay a draft for the amount. But if no portion of the fund has been preserved, then it would become the duty of the court to order the directors to make an assessment against the *remaining members*, belonging to class A at the time of the death of the deceased. As we have heretofore indicated, the directors of the society are the trustees of an express trust, and if they have diverted to the payment of some other claim any portion of the benefit fund, which should have been retained by them to pay the plaintiff's claim, and the court finds that the amount cannot be made good by an assessment, then the directors consenting to the wrongful

diversion must be held personally liable. *Richard v. Ins. Co.*, 43 N. H. 263; *Lyman v. Bonney*, 118 Mass. 222; Thompson Liability Officers, etc., p. 397. If the persons composing the board of directors at the time of the unlawful diversion are no longer members of the directory, it would be proper, if the plaintiff deemed it necessary, to make any or all of them parties, for the purpose of obtaining a money judgment against them, in the event such a course had to be resorted to.

The judgment of the circuit court will be reversed. All the judges concur.