STATE OF MISSOURI *ex rel.* F. M. ESTES, Appellant,
v. P. M. STAED, Respondent.

St. Louis Court of Appeals, December 10, 1895.

1. **Amendment of Return of Service of Summons**: MAN-
DAMUS. A sheriff may be required to amend his return of the service
of process so as to make such return conform to the facts; and this
may be done before or after the final judgment in the cause, and even
after the expiration of the sheriff's term of office.

2. ———: ———. But an amendment can not be required, which is
not shown to be in conformity with the truth. Accordingly, the sheriff
can not be required by *mandamus* to amend his return so as to show
the service of a summons on a foreign corporation, when there is no
evidence that the body intended to be served had any corporate
existence.

3. **Actions**: UNINCORPORATED ASSOCIATION. A suit can not, in this
state, be maintained against an unincorporated benevolent associa-
tion by its common name.

*Appeal from St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*I. C. Terry* for appellant.

*Laughlin, Wood & Tansey,* and *George E. Smith*
for respondent.

ROMBAUER, P. J.—The present controversy grows
out of the return of the service of a summons in the
case of *Gamasche v. Grand Lodge of the Brotherhood of
Railroad Trainmen.* In *Gamasche to use v. Smythe et
al., Garnishees,* 60 Mo. App. 161, which was an incidental
proceeding by garnishment on execution against the
Grand Lodge, we decided that the garnishees could not
be held, because the sheriff's return in the main case

was an insufficient return of constructive service to bring a foreign corporation into court, while the petition in the case stated that the Grand Lodge was a foreign corporation. The judgment against the corporation was by default, and, if obtained on insufficient service, was void. We, however, remanded the cause to the circuit court to enable the plaintiff to secure an amendment of the return of service in the main case, if the facts would justify his so doing. The plaintiff thereupon requested the sheriff to amend such return in a manner suggested by the plaintiff. This the sheriff declined to do, whereupon the plaintiff sued out an alternative writ of *mandamus*, which the court, on final hearing, dismissed. Hence the appeal.

The duty of the court to order the sheriff to make a true return of service of process in any case, whether it be before or after final judgment, or before or after the expiration of the sheriff's term of office, is incontrovertible. It is equally incontrovertible that an officer can not be compelled to make a return which is not in conformity with the truth and with his legal duties. The petition in the main case states that the Grand Lodge is a foreign corporation. If it was such a corporation, it became the duty of the sheriff to serve the writ of summons upon the officer or agent pointed out by the plaintiff to him as officer or agent of the corporation, provided the person so pointed out was such officer or agent. If no one was pointed out by the plaintiff, it was the duty of the sheriff to find such officer or agent, if one could be found by the exercise of due diligence. But it was not the duty of the sheriff to serve any person pointed out to him as agent or officer of a foreign corporation, unless the person thus pointed out was such agent, and he could not be such an agent unless there was such a corporation.

Before issuing a writ of *mandamus* to a ministerial

officer, the court must ascertain what his specific legal duty in the premises is. *State ex rel. Metcalfe v. Garesche*, 3 Mo. App. 526; s. c., 65 Mo. 480. This the court endeavored to do in the present instance by hearing evidence. A written memorandum of its opinion embodied in the record shows that the court declined to issue a peremptory writ, because it was not satisfied from the evidence that the Grand Lodge of the Brotherhood of Railroad Trainmen was a foreign corporation. The only proof offered on that subject was a little book shown to contain the constitution and rules of the order. On the fly-leaf of this book is the printed information that the Brotherhood of Railroad Trainmen was *organized* at Oneonta, New York, September 23, 1883, and that its constitution was revised and amended at the *special convention* held at Galesburg, Illinois, in October, 1891. No recital is found anywhere in the book that the defendant was, or is, a corporation. The court, in passing on this evidence, very justly said:

"It is nowhere stated or made to appear that the organization is incorporated, or that the Grand Lodge is incorporated; indeed, from the reading of the constitution and rules, the impression left on my mind is that neither the organization as a whole nor the Grand Lodge is incorporated at all.

"The Grand Lodge seems to have been organized for the purpose of controlling and directing the order at large, and carrying its purposes into effect.

"It will be borne in mind that the suit of Gamasche was brought against the Grand Lodge of the Brotherhood of Railway Trainmen as defendant, and that he alleged in his petition that it was a corporation organized under the laws of New York. At the hearing there was no evidence tending to prove that the Grand Lodge was incorporated in New York or elsewhere. The service actually made is claimed to be sufficient

only on the theory that the defendant in the suit was a foreign corporation; and, if the defendant was not a corporation at all, it of course follows that there was no sufficient service. If the defendant had been properly served, the allegation of incorporation in the petition would be held to be admitted unless denied in the proper manner. But, of course, it is not required to deny anything or to appear at all until properly served.

"It may be argued that the sheriff can not be heard to set up this defense, but I think he not only should but that it is his duty to do so. If this defendant was not a corporation, then clearly the sheriff has no right to make any such return as he is asked to make. The whole basis for requiring such a return disappears, when the fact that defendant is a foreign corporation is not shown."

The trial court might well have taken judicial notice of the fact, which is a matter of general knowledge, that many of these benevolent societies are not incorporated, and hence the mere fact that they go under a name which would indicate a corporate entity can not be controlling. The form of service on these organizations is in many states regulated by statute, but, where not so regulated, the questions of parties and form of action are determined as in ordinary cases. 2 Bacon on Benefit Societies, sec. 441; *Piquenard v. Libby*, 7 Mo. App. 564; *Hammerstein v. Parsons*, 29 Mo. App. 509. There is no law in this state authorizing the service of summons upon the agent of a voluntary association, for the purpose of bringing the association into court, nor do the laws provide for a suit against such association by its common name. Section 2026 of the Revised Statutes of 1889 does not cover such a case.

If the defendant is a foreign corporation, such fact can be easily shown by direct evidence, and the

plaintiff is not precluded by the judgment in this case from showing it in some future proceeding. All the judges concurring, the judgment is affirmed.