JOACHIM KUHL *et al.*, Appellants, v. CASPAR MEYER, Respondent.

St. Louis Court of Appeals, March 19, 1889.

1. **Voluntary Benevolent Association: PARTNERSHIP RELATION.** A petition, which alleges that the plaintiffs are the sole remaining members of an unincorporated benevolent association, and that the defendant, being the treasurer of said association, converted to his own use its property entrusted to him, contains no ground for assuming that a partnership relation existed, and therefore the defendant, as a partner, could not be sued for a conversion of part of the partnership funds. A demurrer to the petition on that ground was erroneously sustained.

2. **Voluntary Benevolent Association:** TRUSTEES. If the laws of an association provide for trustees in whom its property vests, or who are to enforce obligations incurred to the society, such persons may sue as trustees of an express trust, under the statute, and other members need not be made parties plaintiff. If a note charged to have been converted was made payable to the board of trustees of the association, they became trustees of an express trust, and could sue for the conversion.

8. **Voluntary Associations:** RESPONSIBILITY OF MEMBERS. Individual members of an association may become responsible to outside persons to the full extent of the obligations incurred by the association. But it has never been held that members were liable to each other beyond the limits fixed by their own agreement, or that in order to enforce that extent of responsibility, it would be necessary to take a complete account and wind up the association.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

REVERSED AND REMANDED.

*William E. Fisse,* for the appellant.

The demurrer proceeds upon the theory that as the association in which the plaintiffs hold membership, and in behalf of which this suit is brought, is not an incorporated society, its members bear to each other the relation of partners; and that regarding them as partners, they have no right of action against defendant to recover the money of the association in his hands, as a debt, due from him to the association, but must resort to a proceeding for a general winding up and accounting. We submit that this theory is erroneous, and that the judgment of the circuit court adopting it ought to be reversed. The authorities are ample that so far as concerns its internal affairs the particular rules established for the government of an unincorporated society are binding and controlling, and that they will be enforced against all officers and members of the association. The truth is that voluntary associations assuming to act

according to corporate methods have a dual character. They may be regarded as partners in their dealings with the world at large and yet be entitled to claim corporate privileges as against their own members and officers who have consented to their assumption of corporate functions and thereby invested the association as against themselves with corporate powers. "Associations and clubs, the objects of which are social or political and not for purposes of trade or profit, are not partnerships, and pecuniary liability can be fastened upon the individual members of such associations only by reason of the acts of such individuals or of their agents; and the agency must be made out—none is implied from the mere fact of association. *Bailey v. Macauley*, 19 L. J. ( Q. B. ) 73; *Wood v. Finch*, 2 Fost. & Fin. 447; *Delannay v. Strictland*, 2 Stark. 416; *Sozer v. Daniels*, 66 N. Y. 426; *Suckombe v. Carleton*, 2 Fost. & Fin. 707." It is established that mere co-ownership by several people does not constitute them partners. See Ewell's Lindley on Part., sec. 2. Every accepted definition of a partnership requires, as the chief element, that the individual members of the association shall stand to one another in the relation of principals for carrying out some joint undertaking. It is just as essential to any partnership that its members shall be associated for some purpose of gain or profit. Ewell's Lindley on Part., sec. 2. "Societies and clubs, the object of which is not to share profits, are not partnerships, nor are their members as such liable for each other's acts. *Penfield v. Skinner*, 11 Vermont, 296, is another case identical with the one at bar. Here the treasurer of a voluntary society, called the Evangelical Society, had obtained a large sum of money belonging to the society, which he refused to pay over to his successor. Held, that a suit might be maintained against him to recover the amount. With respect to the plaintiff's right to maintain the suit against the defendant, it will not be out of place to call the attention of the court to the allegation of the petition, that

"the plaintiffs herein are now the only remaining members " of the association in whose behalf the suit is brought. In view of this allegation the inference is fairly to be deducted from the petition, and such was the intention of the pleading, that the defendant at the time suit was brought did not have any membership in the association, and that, consequently, if any partnership at any time existed between the defendant and the plaintiffs as members of this voluntary association, that partnership had been terminated, and the disability under which the plaintiffs may have rested during the continuance of such membership by the defendant had disappeared.

*Rassieur & Schnurmacher*, for the respondent.

Unincorporated voluntary associations, for other than charitable purposes, are but partnerships. Associations for purposes of mutual benevolence are not associations for charitable purposes, and, if not incorporated, are to be regarded as mere partnerships. *Pipe v. Bateman*, 1 Iowa, 369 ; *Gorman v. Russell*, 14 Cal. 531 ; *Protchett v. Schaefer*, 11 Phila. 166 ; *Beaumont v. Meredith*, 3 V. & B. 180 ; *Lloyd v. Loaring*, 6 Ves. 773 ; *Babb v. Reed*, 5 Rawle ( Pa. ) 151 ; *Thomas v. Elmaker*, 1 Pars. Sel. Eq. Cas. (Pa.) 98 ; *Ferris v. Thaw*, 5 Mo. App. 279. The adoption of articles of association, or a constitution and by-laws, and even an agreement upon the part of the members of such association, that they shall not be partners. will be of no avail. Only the government can grant a charter and invest an association with corporate privileges. *Wells v. Gates*, 18 Barb. 555 ; *Hill v. Beach*, 12 N. J. Eq. 31 ; *Bullard v. Kinney*, 10 Cal. 60 ; *Butterfield v. Beardsley*, 28 Mich. 412 ; *Hess v. Wertz*, 4 S. and R. 356. Having, therefore, been only partners of defendant, plaintiffs cannot maintain this action at law against him, on the familiar principle, that

Kuhl v. Meyer.

one partner cannot proceed against another at law, until their accounts have been adjusted and nothing remains to be done, except the payment of an ascertained balance. *Feurt v. Brown,* 23 Mo. App. 332 ; *Scott v. Caruth,* 50 Mo. 120.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs in their petition state, in substance, that that they are the sole remaining members of a voluntary unincorporated benevolent association. That the defendant was the duly elected treasurer of said association, and as such received eighty-two dollars in cash, and a negotiable promissory note for one hundred and fifty dollars, property of such association, which at the expiration of his term of office, he converted to his own use, wherefore they pray judgment.

The defendant demurred to this petition as stating no cause of action. The court sustained the demurrer and, upon plaintiff declining to plead further, rendered judgment in favor of defendant. Hence this appeal.

The demurrer seems to have been sustained on the ground, that plaintiffs and defendant, under the facts stated were partners, and hence the former could not maintain against the latter an action at law for conversion of part of the partnership funds.

This was error. The petition nowhere states that the defendant ever was a member of this association, or received the property as such. It expressly states that the plaintiffs are the sole members of the association. It results, therefore, that even if the view which the court apparently took of the law governing these voluntary associations had been correct, it erroneously applied the law to the facts stated in the petition. This necessitates a reversal of the judgment.

In view of further proceedings in the cause the following observations are pertinent. If the laws of this

Kuhl v. Meyer.

association provide for trustees in whom its property vests, or who are to enforce obligations incurred to the society, such persons may sue as trustees of an express trust under section 3463 of the Revised Statutes. In such event the contract in contemplation of law may be considered to be made with them for the benefit of all the members, and other members of the association are not necessarily parties plaintiff. *Miles v. Davis*, 19 Mo. 414, if the facts warrant it, the petition should be framed on that theory.

It appears by the allegations of the present petition even, that the note, which the defendant is charged to have converted, was payable to the board of trustees of the association. If so, they became trustees of an express trust, and could sue anyone for its conversion.

While members of these voluntary associations, in many instances, may become individually responsible to outside persons, to the full extent of obligations incurred by the association, it has never been held that they are liable to each other beyond the limits fixed by their own agreement, nor that their responsibility within such limits is incapable of enforcement, without the taking of a complete account and final winding up of the association.

Reversed and remanded. All the judges concur.