H. J. LOVICK v. THE PROVIDENCE LIFE ASSOCIATION.

*Contract—Insurance—Forfeiture—Re-instatement—Damages.*

1. In the absence of specific regulations in respect to the time within which an application for re-instatement of a policy-holder, whose policy has been forfeited for non-payment of dues, should be made, the policy-holder has a reasonable time to do so, but he must be diligent.

2. There is a difference between a *re-instatement* and a *re-insurance*—the first being the revival of the original, while the latter is a new contract.

3. Although the person upon whose life the policy issued is at the time of the application for re-instatement beyond insurable age, he is, nevertheless, entitled to be re-instated upon paying past dues.

4. In an action for damages for breach of the contract for refusing to re-instate, plaintiff is entitled to recover the amount of the premiums and assessments paid by him.

CIVIL ACTION, tried at February Term, 1891, of CRAVEN Superior Court, *Connor, J.,* presiding.

The defendant corporation executed to the plaintiff its policy of insurance, whereby it insured the life of the plaintiff's father for the sum of $1,000, in consideration of certain premiums specified to be paid semi-annually by the plaintiff, and also certain assessments when made from time to time. This policy contained, among others, these provisions: "The contract between the parties hereto is completely set forth in this policy, the application therefor and the by-laws of the Association taken together. * * * It is further declared and agreed that in case this obligation of the Association under this contract be defeated by failure of any of the considerations, or by the violation of any of the covenants or considerations of this contract, all payments which shall have been made to the Association, on account of this contract, shall be deemed forfeited to the *Association.*"

In the by-laws of the defendant it is provided, among other things, as follows: " Only as many members as shall pay their mortality assessments within thirty days after date of notice, shall be counted in determining the assessment basis of a death-claim. Others shall be deemed forfeited in like manner as those who fail to pay annual dues, with opportunity for re-instatement on *similar conditions*." It is further provided that " any member failing to pay his semi-annual premium and *pro rata* assessment at the death of a member or members, within thirty days after date of notice or according to the terms stated in the notice, shall forfeit his or her membership and all moneys previously paid into the treasury of the Association."

The plaintiff failed, as the Court below held, to pay the premium due upon said policy on the 15th day of June, 1889, whereupon the defendant declared that the plaintiff on account of such failure had forfeited and lost all right and claim under the policy, and had likewise forfeited to it all the premiums and assessments he had theretofore paid in pursuance of the stipulations therein contained. It appeared that the failure to pay this premium was occasioned by the inadvertent sending of a check to pay the same in a letter addressed to a former agent of the defendant. The plaintiff intended to pay it, and sent a check for the purpose within time for the defendant to get it, if the letter enclosing it had been properly addressed.

The plaintiff thereupon on the 8th day of July, 1889, applied to the defendant for "reinstatement" of his policy of insurance, the plaintiff having sent check on the 28th of June, 1889, to pay the unpaid premium. The defendant returned this check, saying "I herewith return the check, as it cannot be accepted on account of the payment being over due and the policy forfeited." In his application for "reinstatement" of his policy, the plaintiff said to the defendant, "the policy I hold is on the life of my father, and he is

in perfect health and will get certificate from any physician in this city as to my statement. Will also refer you to anybody in this place as to my standing. I merely make this statement to show you I am not a speculator in the insurance business. Please try to get me right this time, and I will try to keep right in the future." The defendant refused to grant this application, saying, " You were fully aware that Mr. Nicholson (to whom the letter was inadvertently addressed) was not collecting for the Association and had no connection with it, and that you had for years past been paying direct to the office at Baltimore, under specific directions to do so. The fault is therefore clearly your own I regret to say that it will be impossible for you to insure your father in the Provident (the defendant), on account of the fact that he is beyond the age at which we write insurance. Enclosed please find your checks." Nevertheless, the plaintiff received notice on June 18th, 1891, of quarterly dues of one dollar, and continued to receive notice of assessments for the months of July, September and October of 1889, and sent checks for amounts. These checks, however, were all returned, the defendant saying in its letter of July 17th, 1889, " The policy has been forfeited and cannot be reinstated." The defendant said in its mortuary notices to plaintiff, " No payment will be received, reinstatement made after the last day of payment except upon the condition that the insured is alive and *in good* health."

Upon the foregoing material facts the Court below held "that the plaintiff applied within a reasonable time, to-wit, July 8th, 1889, to have his policy reinstated in defendant Association, and offered to show that his father, Henry J. Lovick, the person upon whose life the policy was written, was alive and in good health, that said application was refused, that said refusal was wrongful, and that by reason thereof a cause of action accrued to the plaintiff, and that said policy has no surrender or other equitable value, nor does it contain any

terms by means whereof its present value may be ascertained. The defendant having violated the terms of its contract by wrongfully refusing to reinstate the plaintiff, put an end thereto, and that plaintiff is entitled to recover the amount paid thereon, it not appearing what, if any, benefit the plaintiff enjoyed during the continuance of said policy." The Court gave judgment in favor of the plaintiff for the aggregate of the premiums paid, with interest after July 18th, 1889, and for costs. The defendant excepted, and appealed.

*Mr. O. H. Guion*, for plaintiff.
*Mr. G. H. Snow*, for defendant.

MERRIMON, C. J.—after stating the case: When on the trial the plaintiff closed his introduction of evidence, the defendant demurred *ore tenus* thereto, and insisted that accepting and treating it as a true embodiment of the material facts of the case, the plaintiff could not recover, because he failed to pay a premium as required by the terms of the policy of insurance in question, and by such failure this policy became absolutely forfeited and inoperative; and likewise all premiums and assessments paid by the plaintiff on account of the policy were forfeited to the defendant, and the latter was not bound to reinstate the plaintiff, or the policy, or continue it in force for any purpose. In our judgment this contention is not well founded.

The Court below decided that the policy was forfeited by the failure of the plaintiff to pay the premium, therein required to be paid, at the time it came due. No question in that respect arises here, as the plaintiff failed to prosecute his appeal taken. Then, was the plaintiff entitled under the contract of insurance to be reinstated as a policyholder and have his policy continued in force upon the payment of the premium due and unpaid? We concur with

the Court in holding that he was.    The contract of insurance was not wholly embraced by the policy.    The latter expressly declares and provides that: "The contract between the parties hereto is completely set forth in this policy, the application therefor, and the by-laws of the association, taken together."    So that the by-laws of the defendant, in so far as they are pertinent, constitute part of the contract as much as if the same were set forth in the policy as part of it.    The by-laws (Art. 11, § 2) provides that " others shall be declared forfeited in like manner as those who fail to pay annual dues, with opportunity for reinstatement on similar conditions."    This provision is not very clear in its terms. · It seems to be awkwardly and not of itself fully expressed. But taking it in connection with the immediately preceding clause, the policy and other provisions in respect to forfeitures provided, it must mean that in case of forfeiture of the policy the insured shall have " opportunity." to be reinstated as one of the insured and a member of the company, and have his policy continued in force upon the payment of all premiums, assessments and any other dues unpaid.    We cannot see any other intelligible meaning that may be attributed to it.    The defendant's officers seem to give it this interpretation, except that they insist that it has the right to determine when the insured may have the benefit of " reinstatement," and when he shall not.

    "Reinstatement" does not imply reinsurance, the granting or making of a new policy, a new contract of insurance; it fairly implies placing the insured, in respect and relation to the company, the policy, the whole contract of insurance, in the same condition that he occupied and sustained towards them next before the forfeiture was incurred. The provision is not that the insured may reinsure—he might do this without such provision.    The purpose was to give him a valuable benefit, the benefit of such reinstatement, and secure it to him by and as part of the contract of

110 — 7

insurance. The purpose was to save him from loss as to premiums and assessments paid, and from any disadvantages he might be at in seeking reinsurance or other insurance in some other company. Otherwise, why so provide for such reinstatement? What advantage could arise from it? And why put such a provision in the contract, if the defendant might, at its will and pleasure, refuse to allow such reinstatement? This provision is a substantial, a valuable part of the contract, that the insured has the right to avail himself of, and the defendant has no right to deprive him of it, any more than to deprive him of the insurance if no forfeiture had been incurred.

The terms and conditions of such reinstatement are not expressly specified, but the reasonable and just implication is, in the absence of expressed stipulations, that the insured shall be entitled to have the benefit of it upon the payment of all premiums, assessments and other dues and costs made or tendered within a reasonable time next after the forfeiture. He must, however, be diligent, active and vigilant under the circumstances in availing himself of it. Otherwise, he will be deemed to have been negligent and to have abandoned his right. Such provision does not imply that he may delay and insist upon such right at his convenience, will and pleasure.

It was insisted on the argument for the defendant, that the person whose life was insured by the policy was at the time of the forfeiture not within, but above, the insurable age, and therefore the plaintiff was not entitled to have such reinstatement. This contention grows out of the misapprehension of the nature and purpose of such reinstatement. As we have already said, it does not imply reinsurance or new insurance; it implies a revival and continuance of the contract of insurance forfeited, just as if there had been no such forfeiture. This is the very purpose contemplated and intended by the contract; otherwise it means, and is worth

nothing practically. It is said in argument, why would the defendant make such contract, and what is the contract as to the forfeitures worth to it? The answer is obvious: it encourages persons to take insurance in the defendant company, while it loses nothing, and only continues to insure the life it contracted and intended to insure. The forfeiture is important as a spur to the insured to, be vigilant and prompt; and valuable to the company when the insured cannot or will not avail himself of the advantage of such reinstatement.

The plaintiff applied promptly for reinstatement, and the defendant wrongfully refused to reinstate him, and is chargeable with a breach of its contract with him. By such breach he is endamaged, at least, to the extent of the premiums and assessments he paid the defendant, and which it seeks to deprive him of by putting an end to the contract. It cannot complain at the measure of damage allowed, and the plaintiff does not. *Braswell* v. *Insurance Co.*, 75 N. C., 8; *McCall* v. *Insurance Co..*, 27 Am. Rep., 558.

Affirmed.