SELMA T. COLLEY, Respondent, v. JOHN T. WILSON, Appellant.

**St. Louis Court of Appeals, December 18, 1900.**

1. **Unincorporated Society: TRUSTEES: PRACTICE AND PLEADINGS.** An unincorporated society may provide for trustees in whom their property may be vested and by whom and against whom all suits pertaining to the business of the company may be prosecuted.

2. ———: ———. In the case at bar the defendant was the only necessary party, as he was the sole trustee and custodian of the funds for the payment of insurance claims against the Brotherhood.

Colley v. Wilson.

3. ———: ———: JURISDICTION: EQUITABLE LIEN: ACTION. In the case at bar the action may be regarded as one to enforce an equitable lien against a particular fund in the hands of defendant, and as he was before the court, and as the fund was within its jurisdiction, the right of the court to entertain the action was unquestioned.

4. Parties: ACTION. In an action to subject a fund in the hands of the grand chief of the Brotherhood of Railway Trackmen, an unincorporated insurance society, to the payment of a certificate of insurance for the benefit of a widow of a deceased member, it is not necessary to make the members of the executive committee of said order parties to the action, where they are non-residents of the State of Missouri and no two live in the same state.

5. Cause of Action: BY-LAWS. The by-laws of an unincorporated insurance association may make it a condition precedent to the right to sue for a claim, based on an insurance certificate, that all the requirements of the association have been complied with, provided the requirements are reasonable or some valid excuse for a non-compliance therewith is given by claimant.

6. Reinstatement in Association: MISREPRESENTATION AS TO AGE: BY-LAWS. Where it is conceded that a member of an unincorporated insurance association correctly stated his age in his application for membership in the association, and that he was then within the insurable age under the by-laws of the association, a misstatement of the member as to his age, on an application to be reinstated in the association after suspension for non-payment of dues, is an immaterial representation, where, under the by-laws affecting his reinstatement, he was only required to furnish a certificate of good health.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*John F. Green* and *Frederick N. Judson* for appellant.

(1) The court was without jurisdiction to try this cause and render the relief prayed for by the plaintiff. It had not

jurisdiction to appoint a receiver or to enter an order request-ing the funds of the association which are on deposit in 'the Merchants-Laclede National Bank, because the members of the grand executive committee, the trustee of the association in whom the legal title to all of its property and funds is vested, are not parties defendant.   Greer, Mills & Co. v. Stoller, 71 Fed. Rep. 1; Perry on Trusts, sec. 885; Kuhl v. Meyer, 50 Mo. App. 648.   (2)   Having forfeited his benefit certificate by the non-payment of dues and assessments, Mr. Colley was bound to comply with all the requirements of the constitution providing for his reinstatement, if there were any, before he could be reinstated or readmitted to membership.  Niblack on Ben. Soc., pp. 544, 545; Bacon on Ben. Soc., sec. 3851.   (3) As the statements made in the application for reinstatement were made warranties by the terms of the' application itself, and the representation as to age, in addition to being a war-ranty, is also always a material representation in an application for insurance, and it is admitted, and the lower court found, that the representations as to the age of the applicant were false, the reinstatement or readmission based thereon was fraudulent and void.   Linz v. Ins. Co., 8 Mo. App. 364; Alta Society v. Brown, 8 Pa. Sup. Ct. 267; A. O. U. W. v. Cressy, 47 Ill. App. 623; Swett v. Citizens' Society, 78 Me. 541.   (4)   Plaintiff can not maintain this action, because she has not complied with the provisions of the constitution of defendant association which requires that the holder of any benefit certificate, whose claim has been rejected by the grand executive committee, must submit the claim to the delegates assembled in grand division.   She must first exhaust her rem-edies within the association itself.    McMahon v. Supreme Council, 54 Mo. App. 469; Mulroy v. Supreme Lodge, 28 Mo. App. 463; Chosen Friends v. Forsinger, 125 Ind. 52; Levy v. Order of Iron Hall, 38 Atl. Rep. 18.

Colley v. Wilson.

*Frederick H. Bacon* for respondent.

(1) This action was properly brought in equity. The members of the executive committee were not trustees, nor necessary parties, but John T. Wilson, under the laws of the association, was its only trustee, as well as president, secretary and treasurer, and consequently was the only necessary party. The cases cited by appellant's counsel are not applicable to the facts in this case. It is a settled rule that actions against a voluntary association should be brought in equity. Hammerstein v. Parsons, 38 Mo. App. 332-338. Even if the members of the executive committee were trustees it is not necessary to make them parties, because they are beyond the jurisdiction of the court, being non-residents and no two residing in the same state. Since Wilson has control of the funds of the association and is the only officer in the state, and he, as well as the funds, are within the jurisdiction of the court, he is the only necessary or proper party. Lumber Co. v. Oliver, 65 Mo. App. 435-438; Van Houten v. Pine, 36 N. J. Eq. 133-136; Story Eq. Pl., sec. 107. (2) Receipt of assessment with knowledge of a ground of forfeiture constitutes an estoppel. 2 Bac. on Ben. Soc., sec. 431. (3) Demanding proofs of loss with knowledge of the alleged ground of forfeiture constitutes a waiver. Supreme Tribe Ben Hur v. Hall (Ind. App.), 56 N. E. R. 780; Kidder v. Knights Templar, etc. (Wis.), 69 N. W. R. 634; Baker v. Ins. Co., 77 Fed. Rep. 550; and, on appeal, 83 Fed. Rep. 647. (4) Plaintiff was not bound to submit her claim to the delegation at the regular annual convention, because such a law is void. It is void for uncertainty, and because it does not provide for hearing upon notice and does not apply to claimants who are not members. Kumle v. Grand Lodge, 110 Cal. 204.

BIGGS, J.—The Brotherhood of Railway Trackmen is an unincorporated society with an insurance feature. The society consists of one grand division and local divisions holding charters from the grand division. The grand division is composed of a grand chief foreman, a vice grand chief foreman, and a grand executive committee composed of five members and delegates elected by the local divisions. The grand division meets biennially and in the interim the business of the brotherhood is conducted by the grand chief and the executive committee. At the times hereinafter stated the defendant, John T. Wilson, was and is now the grand chief of the order with his general business office in the city of St. Louis. The members of the executive committee are non-residents of the state of Missouri, and no two of them live in the same state. None of them are parties to this action. John T. Colley, the husband of plaintiff, died in October, 1897. At the time of his death he was recognized as a member of the brotherhood and held a certificate of insurance in the order for one thousand dollars for the benefit of plaintiff, who was his wife, which certificate the executive committee decided had been forfeited, and which the defendant refused to pay. According to the terms of the certificate and the by-laws of the association the amount of the certificate was to be paid out of a death fund, for the accumulation of which regular monthly assessments of one dollar were required of the members. And the by-laws also provide that if at any time the amount realized from the regular assessments should prove inadequate to fully discharge the death losses, the executive committee must order special assessments. By the constitution, all money belonging to the order is paid directly to the grand chief, and he is made its sole custodian. In the first instance it is for the members of the executive committee to determine what death losses shall

or shall not be paid, and to order the grand chief to pay such as they may find to be just. The present proceeding is in equity, in which the plaintiff seeks to have her claim declared to be a legal one, and to make it a charge against the money in the hands of defendant and belonging to the death fund. As to the merits, the defense is that Colley, in an application for reinstatement to membership, misrepresented his age. Another plea is an alleged want of necessary parties defendants, and another that the plaintiff did not exhaust her remedies within the order, that is, she did not prosecute an appeal from the adverse decision of the executive committee respecting her claim to the biennial meeting of the grand division, as provided in the by-laws of the society. The court found that the plaintiff's claim was valid; that the defendant as grand chief had sufficient money belonging to the death fund to pay it, and that the money was within the jurisdiction of the court. A decree was thereupon entered declaring the amount of the claim a charge upon the fund and ordering the defendant to pay. The defendant has appealed from the judgment.

It is undisputed that the plaintiff has availed herself of her only remedy (Hammerstein v. Parsons, 38 Mo. App. 332), and it is also undisputed that the members of an unincorporated society may provide for trustees in whom their property may be vested and by whom and against whom all suits pertaining to the business of the company may be prosecuted. Kuhl v. Meyer, 35 Mo. App. 206; Ibid, 42 Mo. App. 474; Ibid, 50 Mo. App. 648. But counsel for defendant earnestly urge that the by-laws and constitution of the society make the grand chief foreman and the members of the grand executive committee trustees of the business and property of the society, and that they were all necessary parties to the action. This question lies at the threshold of the case

Vol 86 app—26

and ought to be disposed of first.   We answer *first* that the members of the executive committee were not necessary parties for the reason that they are not trustees of the money and property belonging to the brotherhood.   The defendant is the sole trustee and custodian thereof.   It is true that the defendant can not rightly dispose of the money except in payment of claims approved by the executive committee, but it does not follow from this that the funds of the association in his hands can not be reached by claimants, except in actions wherein the members of the executive committee are parties.   The latter we regard as an auditing committee merely, and in no manner responsible for the funds of the society, and over which they have no direct control.   We therefore hold that the defendant being the sole trustee and custodian of the fund, was the only necessary party.   In support of this the action may be rightly regarded as one to enforce an equitable lien against a particular fund in the hands of defendant, and as he was before the circuit court, and as the fund was within its jurisdiction, the right of the court to entertain the action was unquestioned.   1 Pom. Eq. Jur. (1892), sec. 165.

But if it be conceded that the members of the committee are trustees, we can not concede the further position that the action must abate because they were not made parties.   Courts of equity ought not to require citizens to do impossible things in order to rectify their wrongs or establish their property rights.   Under the contention of counsel it would be impossible for plaintiff to institute her action (for the defendant lives in Missouri, and the members of the executive committee are non-residents, and no two of them live in the same state), unless she had the right to recover from the individual members of the order, which we decided in a similar case did not exist (Hammerstein v. Parsons,

*supra*).　Mr. Story in his work on Equity Pleading, section 135a, says: "If courts of equity are in the habit of declining to act in the absence of particular parties, merely because there is a possibility of their decree working some injustice to persons not represented or before the court, there would seem to be at least an equally strong ground to assert, that where the injury, by abstaining from the exercise of jurisdiction on account of a defect of such parties, will be positive, immediate and irreparable, they ought to assert jurisdiction.　In such cases if there is no possibility of bringing such parties before the court, the general principle would seem to apply, that parties should be dispensed with who are beyond the reach of the court from a moral or physical impossibility, and that the court should decree according to the merits of the controversy between the parties."

Again, it is urged in bar of the action that the plaintiff failed to present her claim to the biennial meeting of the grand division.　The by-laws of the society required this. The courts have universally sustained such requirements as conditions precedent to the right to sue, unless the claimant shows some valid excuse for a non-compliance, or the requirement is found to be unreasonable.　The circuit court in its written findings of fact found that the defendant and the executive committee had the plaintiff's claim under consideration at the meeting of the regular biennial convention of the brotherhood, which was held in the city of St. Louis in December, 1898, and that the committee failed to advise the plaintiff of its adverse decision, until the convention had adjourned.　Upon these findings the court decided the question of the right to maintain the action against the defendant. The reason for the ruling does not appear, but we assume that the court held either, that under the circumstances the law was unreasonable to require the plaintiff to wait for the

period of two years for the hearing of her claim, or that it was fair to presume that the executive committee had presented the matter to the convention, and that its action had been sustained; or, if it failed to do so, that the defendant as the legal representative of the order is now, by reason of such failure, estopped to insist upon the condition. We think that the ruling of the circuit court may be sustained on either ground.

We come now to the last defense which goes to the merits of the action. The by-laws of the association provide for the reinstatement of members who may become delinquent in the payment of their dues or assessments. If a member has been delinquent for more than thirty days and less than six months, in order to be reinstated he must furnish the grand chief a certificate showing that he is in good health, and the certificate must be signed by the chief, secretary and treasurer of the subordinate division to which the member belongs. When a member is delinquent for more than six months he can only be restored to membership by complying with the laws governing the admission of new members. Colley became delinquent for the non-payment of dues and assessments. Before the expiration of six months he applied to the grand chief for reinstatement, at the same time paying past dues and assessments. The subordinate division to which he belonged had been dissolved, so that it was impossible for him to observe that part of the by-law requiring his certificate of good health to be signed by the officers of the subordinate division as there were no such officers. Under these circumstances the grand chief required him to make a regular application for membership. In his application he misrepresented his age, and as the insurance contract provides that all representations are made and accepted as warranties, counsel for defendant insist that

this false statement of Colley forfeited the policy. We can not agree to this. The laws of the society prohibit persons over the age of fifty-five years from becoming members. When Colley was admitted as a member he was within the required age; when he applied for reinstatement he was beyond it. In making the second application he stated his age to be as stated in his first application. We think that this false statement by Colley as to his age can not be treated as a representation, or at least as a material representation, for the following reasons: (1) He could not be required to make the statement. In order to be reinstated he was only required to furnish a certificate of good health, which the second application contained. The grand chief had no right to change the law of the order by imposing other conditions. Supreme Lodge v. Turner, 19 Tex. Civil Cases, 346. (2) There is a vast difference between an application for re-instatement and for new membership, for in the former the applicant may have reached or passed the insurable age which would not prevent his reinstatement, whereas in the latter case he would be barred from membership (Lovick v. Life Ass'n, 110 N. C. 93). Hence we think that the misstatement of Colley as to his age in the second application must be accepted as an immaterial representation, as his age at that time could not affect the question of his re-instatement. It is conceded that his age was correctly stated in the first application and that he was then within the insurable age.

The fact that Colley did not procure the signatures of the officers of his division to his certificate of good health is of no legal significance, for the reason that it was impossible for him to comply with this requirement, and for which he was in no way responsible. He did furnish satisfactory evidence of his good health to the grand chief, who ordered

him to be re-instated as a member, and thereafter the society collected dues and assessments from him until his death.

The decree of the circuit court is broader than it ought to have been, in that the defendant was therein enjoined from paying out any funds of the association deposited with him, whereas he should only have been compelled to reserve from the fund accumulated for death losses a sufficient amount to pay plaintiff's claim and the costs of this suit. The terms of the decree were calculated to embarass the society in the further conduct of its business, but as the end of the litigation has been reached and as counsel for respondent states in his brief that the business of the order was not interrupted, and that the judgment was treated by all parties as operating within the limitation suggested by us, we are justified in refusing to reverse the judgment for this reason, and we see no necessity for modifying the decree here.

The judgment of the circuit court will be affirmed. All concur.