SCRIBNER et al., Respondents, v. SMITH, Appellant.

**St. Louis Court of Appeals, February 16, 1904.**

1. **SCHOOL DISTRICT.** Where a schoolhouse was used for various public purposes besides keeping school in it and the people of the neighborhood, at an entertainment given for the purpose, raised a fund to buy articles of furniture for the school house, and placed the fund in the hands of a committee to make the purchase, the school district had no right or interest in the fund.

2. ————: **Trustee of Express Trust.** The persons composing the committee were trustees of an express trust and authorized to sue one in whose charge the money had been placed and who refused to turn it over.

Appeal from Douglas Circuit Court.—*Hon. G. W. Thornsberry,* Judge.

AFFIRMED.

*Boone & Orr* for appellant.

The school district being the real party in interest the suit should have been instituted in its name, and the respondents can not maintain this action. School District v. Smith, 90 Mo. App. 215; State to use of Public Schools v. Crumb, 157 Mo. 545. The government in control of a school district is vested in the board of directors, and they have the sole power to act in behalf of the district. R. S. 1899, sec. 9759.

GOODE, J.—School District No. 104 is in Douglas county adjoining the Christian county line. The citizens of the neighborhood, residing both in Douglas and in Christian counties were accustomed to the use of the school house for prayer meeting, singing school and other assemblies, after the manner of the country side.

They were inconvenienced at those meetings by a lack of lights, heat and a bell. The house was lighted by lamps the people took from their homes to the school house. To provide the school house with a stove, lamps and a bell, an entertainment was organized by the citizens called a "box supper," at which a fund amounting to $14.45 was raised by the sale of refreshments. By a vote of the meeting the fund was devoted to the purchase of the articles mentioned and these plaintiffs were appointed, by a vote, a committee to take charge of it and look after the purchases. The money was put into the hands of the defendant Smith, who is a merchant of the vicinity. Smith was to hold it as "treasureman," one of the witnesses swore; but it was to be subject to the order of the plaintiffs and spent by them for the specified articles, as Smith himself testified. When the plaintiffs demanded the money of him to make the purchases, he refused to give it up on the ground that it ought to be spent in providing the articles for a new school house which had been contemplated, instead of the old one. This action was brought by the plaintiffs to recover the fund.

We find but little conflict in the testimony; none in fact, except Smith's version that the money was to be used to buy articles for a new schoolhouse; which had been thought of, but as we gather, is not to be built soon. The only point made for a reversal of the judgment is that the plaintiffs had no right to sue; that the cause of action was in the board of directors of the school district. The case originated before a justice of the peace and is here on a full transcript of the record. A motion to dismiss was made in the justice's court, but not on the ground that plaintiffs had no right of action; but because one of them, Boston, is a non-resident of Douglas county. That fact, of course, had nothing to do with his right to sue. It is plain that the school district and the board of directors have no interest in this matter.

It was a neighborhood affair purely, and the defendant Smith himself lives in Christian county.

We think the plaintiffs have the right of action as trustees of the fund, which was simply deposited with Smith, as he swore. They may be regarded as trustees of an express trust. R. S. 1899, sec. 541. The observations of this court in Kuehl v. Meyer, 35 Mo. App. 206, 42 Id. 472, 50 Id. 648, are in point. See also, Colley v. Wilson, 86 Mo. App. 396; Harris v. Wilson, Id. 406.

The merits of the case are altogether with the plaintiffs and the judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.