(105 So. 438)

### INTERNATIONAL ASS'N OF MACHINISTS v. GRANT. (6 Div. 726.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

1. **Insurance ⊕⇒764—Rule of construction in case of reinstatement of fraternal benefit insurance held applicable.**

Rule that, in reinstatement of fraternal benefit insurance, a new contract or certificate of insurance dating from the reinstatement is not created, but that such reinstatement is a continuance of the original contract, *held* applicable in construing rights of members of the International Association of Machinists.

2. **Insurance ⊕⇒764—By-law of lodge, as to age limit, held not applicable to member who was suspended and later reinstated.**

By-law of lodge, providing that no death benefit should be paid upon death of any member who was 50 years or over at time of becoming a member, followed by clause that such provision should not apply to members who joined prior to certain date, *held* not to preclude recovery upon death of member who originally joined prior to such date, but had been suspended and, subsequent to the required date, and after he was 50 years of age, reinstated.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for death benefit by Florence R. Grant against the International Association of Machinists. Judgment for plaintiff, and defendant appeals. Affirmed.

Altman & Taylor and Fred G. Koenig, all of Birmingham, for appellant.

Reinstatement by the member created a new contract. Powell v. Crawford, 110 Ala. 294, 18 So. 302; Lindsay v. Morris, 100 Ala. 550, 13 So. 619; Stewart v. Hargrove, 23 Ala. 429. The constitution or charter of the defendant constitutes a contract between the members. 24 Cyc. 828.

Black & Harris and J. C. Burton, all of Birmingham, for appellee.

Reinstatement of a suspended or dropped member of a fraternal benefit association does not give rise to a new contract, but revives or continues the original contract. 29 Cyc. 183; Lovick v. Provident L. Ass'n, 110 N. C. 93, 14 S. E. 506; Lindsey v. Mutual Aid Soc., 84 Iowa, 734, 50 N. W. 29; Sovereign Camp v. Adams, 204 Ala. 667, 85 So. 737; Ayers v. Grand Lodge, 188 N. Y. 280, 80 N. E. 1020.

RICE, J. From the judgment in favor of appellee (plaintiff) in the court below, defendant in said court (appellant) brings this appeal.

Robert C. Grant, deceased, the husband of appellee, joined the appellant association when the local lodge where he belonged was organized some 35 or 36 years before his death in 1923. From the time he joined to his death he was "in and out of the lodge." He was suspended from membership a number of times, for various reasons, but was, subsequent to each suspension, reinstated upon on conforming to that part of the association's constitution and by-laws which provides for reinstatement of suspended members. He was last reinstated in August, 1918, from which time to his death, more than 5 years later, he was in "continuous good standing."

It seems conceded as the fact is, that the constitution and by-laws of appellant and the membership of the said Robert C. Grant constituted a contract between them, of which the appellee, as the widow of said Grant, was the beneficial third party. In other words, there seems to be no serious contention by appellant but that, under the circumstances of this case, appellee is entitled to recover, unless the hereinafter mentioned provisions of the constitution and by-laws of appellant association preclude said recovery.

The learned trial judge took the view that, upon the facts shown, the plaintiff (appellee) was entitled to receive the general affirmative charge in her favor, which he gave. If he was correct in this particular, it would seem that the other rulings complained of were of no injurious consequence to appellant, even if erroneous. We will therefore confine our consideration to the propriety vel non of the giving of the general affirmative charge in favor of appellee, on the facts.

As stated, appellee's husband was a member in good standing of appellant association for more than 5 years continuously before his death. He was, however, more than 50 years of age upon the date of his last reinstatement, which was subsequent to January 1, 1917. At the time he joined the appellant association, or first became a member, he was, though, less than 50 years of age, and the date of his said joining was prior to January 1, 1917.

The pertinent provisions of the constitution and by-laws of appellant, around which this litigation revolves, are in effect, as follows

"Sec. 4. Upon receipt of proof of the death of a member of any local lodge, etc. [all of which was admitted in this case], the grand lodge [this appellant] shall pay the death benefits based upon the rate of per capita tax, and

the period of his [appellee's intestate] good standing membership," etc.

(a) "The death benefit for all members of local lodges * * * shall be paid upon their period of continuous good standing membership as follows: * * * Five years, one hundred fifty dollars."

"The term 'continuous good standing,' as used in this article, designates members of local lodges who are credited and reported to the grand lodge as receiving regular monthly due stamps."

"When a member is initiated or a dropped member is reinstated, * * * his dues shall begin the month following. His good standing membership shall date from the date of his initiation or reinstatement. * * * "

"Persons who are 50 years of age or over joining this association on or after January 1, 1917, will not be entitled to death benefits."

"No death benefits shall be paid upon the death of any member who was 50 years of age or over at the time he became a member of a local lodge. * * * " (This provision does not apply to members who joined a local lodge prior to January 1, 1917.)

"All death benefits * * * shall be paid to the next of kin of the deceased, in the following order: (a) To the wife or husband of the deceased."

The decisive question in this case reduces itself to this: Does this language in the constitution and by-laws of appellant: "This provision does not apply to members who joined a local lodge prior to January 1, 1917," coming where it does, operate to render appellee, as the widow of Robert C. Grant, entitled to the stipulated death benefit, under the facts shown in this case. The learned trial judge thought it did, and we agree with him.

As stated in the opinion in the case of Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 86 So. 737:

"Several propositions of the law of insurance are well established: (1) That policies of insurance are prepared by companies with care and skill to limit liability as much as possible; (2) that all provisions of such policies are strictly construed against the assurer and favorable to the assured, especially so with reference to forfeiture provisions and clauses; * * * (4) that in case of reinstatement of fraternal benefit insurance * * * a new contract or certificate of insurance, dating from the reinstatement, was not created, but that the legal effect of such reinstatement was the continuing of the original contract or certificate of insurance as if no cause of forfeiture * * * had occurred or existed."

[1] It is insisted for appellant that the above quoted holdings of our Supreme Court have no application here for the reason stated, that appellant is not an insurance association but is merely an association of machinists governed by a constitution, etc., and that the death benefit is merely one of the incidents. The argument does not impress us for the reason that, even so, we cannot see, but that the same rules of construction should apply. And we so hold.

[2] All of the authorities to which we have been cited, and that we have found, draw a clear distinction between "reinstatement" and "joining," and, we might add that, a careful perusal of the constitution and by-laws of appellant association, as set out in the transcript, reveals that it recognizes this distinction unmistakably. Without lengthening our opinion by a detailed discussion of the differences in meaning between the two words, as made in the definitions given by the dictionaries, and as acted upon by the courts that have had the question before them, we hold that appellee's intestate is shown by the evidence, without dispute, to have "joined" appellant association prior to January 1, 1917, and that, of consequence, appellee is entitled to recover on the facts shown, and that the general affirmative charge was properly given in her favor. Sovereign Camp, W. O. W., v. Adams, supra; 29 Cyc. 183; Lindsey v. Mutual Aid Society, 84 Iowa, 734, 50 N. W. 29; Lovick v. Provident Life Assn., 110 N. C. 93, 14 S. E. 506.

There appearing no prejudicial error in the record, let the judgment be affirmed.

Affirmed.