**STAMEY et al. v. UNITED STATES (two cases).**

**Nos. 12202, 12217.**

District Court, W. D. Washington, Northern Division.

June 6, 1930.

See, also, 37 F. (2d) 188.

Schwellenbach, Merrick & Macfarlane, of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., Tóm De-Wolfe, Asst. U. S. Atty., and Lester Pope, Sp. Counsel, U. S. Veterans Bureau, all of Seattle, Wash.

NETERER, District Judge.

On a war risk insurance policy issued on the life of Grady G. Stamey, now deceased, the beneficiaries being father and mother, each one-half thereof, on failure to pay the amount of the policy on the death of the insured, action was commenced by each of the beneficiaries. On trial each complaint was amended to state that on December 5, 1919, the insured applied for reinstatement, but that said application was made after maturity of the original policy and inadvertent and inefficient. The government answered that on August 1, 1919, the insured converted $4,000 of his term insurance into an ordinary life insurance policy, and that the converted policy lapsed for failure to pay his premiums, and that $6,000 lapsed for failure to pay the premiums due August 1, 1919, and that on December 5, following, the insured applied for reinstatement of $6,000 which lapsed for nonpayment on January 1, 1920, and was not in force and effect thereafter. Plaintiffs state, in reply, that the attempt to convert the $4,000 term insurance was inadvertently made and effected by mutual mistake of fact, and denies reinstatement of the $6,000.

The testimony shows that with the application for reinstatement a check for $6.50 was inclosed, and that the minimum payment, according to the regulations in force, was $7.80. The court denied recovery and submission to the jury of the $4,000 converted policy; submitted the issue as to the $6,000 lapsed insurance and total and permanent disability as of July 31, 1919, the date to which the premiums had been paid. Verdict was returned in favor of the plaintiffs finding total and permanent disability as of July 31, 1919, and judgment was accordingly entered, to which the defendant excepted. Motion for a new trial was filed by the defendant as to the $6,000, alleging errors of law and insufficiency of the evidence. The plaintiffs pray a new trial for failing to submit to the jury the converted portion of the policy.

No error was committed in declining to submit the converted portion of the policy. United States v. Buzard (C. C. A.) 33 F. (2d) 883. The issuance of the converted policy created a new contract wholly changing the relation and obligations of the parties. The plaintiffs' motion for a new trial must be denied. The new policy, being issued and accepted, must be held as effective as of that date, the policy being outstanding, subject, of course, to lapse.

The $6,000 of the policy is the original contract. No other action could be commenced and must be sustained, unless changed by reason of the application for reinstate-

ment. The insured was totally and permanently disabled prior to any default in premiums.

Treasury Regulation, Bulletin No. 1, promulgated July 25, 1919 (see United States v. Buzard, supra), had the force of law. Covey v. United States (D. C.) 263 F. 768; Sawyer v. United States (C. C. A.) 10 F. (2d) 416; Claffy v. Forbes (D. C.) 280 F. 233.

To reinstate it was necessary to make written application "and make tender of the premium for one month * * * on the amount of insurance to be reinstated, and also of the amount of at least one month's premium on the reinstated insurance." No reinstatement could be effected, and the act of reinstatement was ultra vires unless accompanied by at least $7.80. The $6.50 tendered was insufficient. The regulations were as binding as if incorporated in the contract, and any suspension or waiver was without force (26 Dec. Compt. Gen. of Currency, 99), and the act of the Bureau in attempting reinstatement, unless in substantial compliance, is void and of no effect (27 Dec. Compt. Gen. of Currency 1087).

It may be further said that there is a distinction between conversion and reinstatement. The distinction was not raised or suggested in United States v. Buzard, supra, nor in United States v. Allen (C. C. A.) 33 F. (2d) 888, in United States v. Barker (C. C. A.) 36 F. (2d) 556, nor in any of the cited cases. And the Allen Case is distinguished from this case in that the court found that a new policy was issued. In this case it is explicitly shown no new policy was issued. The application for reinstatement was received and noted. No proof of existing condition sufficient "to satisfy the director" was required as under the act of 1921. Meadows v. United States (decided April 14, 1930) 281 U. S. 271, 50 S. Ct. 279, 74 L. Ed. 852. See, also, United States v. Schweppe (C. C. A.) 38 F. (2d) 595. The suit is upon the sole contract existing between the parties.

In all the decided cases, so far as disclosed, the converted policy was outstanding. To *convert* is to change from one state or condition to another; to alter in form, substance, or quality (Webster). "Reinstate" is to instate again; to restore to the state from which one has been removed (Webster). South v. Commissioners of Sinking Fund, 86 Ky. 190, 5 S. W. 567. Reinstatement implies placing the insured in the same condition that he sustained toward the insurer be-

fore forfeiture was incurred, and does not imply the making of a new contract or policy. Lovick v. Providence Life Ins. Ass'n, 110 N. C. 93, 14 S. E. 506; see, also, International Ass'n of Machinists v. Grant, 21 Ala. App. 84, 105 So. 438. The regulations which entered into the contract and policy gave the insured the right to reinstate by the payment of at least two months' premiums, and, upon compliance with the regulations, it was the duty of the Bureau to reinstate the original policy. Mutual Life Ins. Co. of New York v. Lovejoy, 203 Ala. 452, 83 So. 591. Clearly reinstatement does not change the contractual relation or status of the parties. These regulations by which the state of health must be established as good as at the date of discharge, or at the expiration of the grace period, were afterwards superseded by statute. (Section 515, title 38, USCA; Act 1924.) See, also, Meadows v. United States (April 14, 1930) 281 U. S. 271, 50 S. Ct. 279, 74 L. Ed. 852.

Both motions are denied.